IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO: 4:24-cv-02149 |

**UNITED STATES' ANSWER TO COMPLAINT**

Defendant, the United States, in answer to the Complaint (ECF 1), respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

**Affirmative Defenses**

The United States affirmatively pleads that to the extent Plaintiff's suit was filed more than two years after its administrative claim for refund was denied by the IRS, the suit is time barred under 26 U.S.C. § 6532(a) and the Court lacks jurisdiction. By letter dated June 7, 2019, the IRS first denied the Plaintiff's claim for refund. The United States is investigating when and how this letter, and any other denial letters, were mailed to Plaintiff.

The United States affirmatively pleads that Plaintiff is not entitled to relief on Counts Two and Three of its Complaint challenging Treasury Regulation (26 C.F.R.) § 1.162-21(b)(1)(iii) because such grounds for relief were never included in the Plaintiff's administrative claim for refund. Accordingly, any relief on those grounds is barred by the judicial doctrine of variance which was also incorporated in the Treasury Regulations setting

forth the requirements for refund claims. *See* 26 C.F.R. § 301.6402-2(b)(1). For this reason, the Court also lacks jurisdiction to consider Counts Two and Three of Plaintiff's Complaint.

The United States affirmatively pleads that the six-year statute of limitations in 28 U.S.C. § 2401(a) also bars relief under Count Two of the Plaintiff's Complaint challenging the validity of Treasury Regulation § 1.162-21(b)(1)(iii). For this additional reason, the Court lacks jurisdiction to consider Count Two of the Plaintiff's Complaint.

The United States also affirmatively pleads that Plaintiff exceeds the maximum net worth and employee requirements of 28 U.S.C. § 2412(d)(2)(B), and therefore, cannot qualify for attorney's fees under 28 U.S.C. § 2412 or 26 U.S.C. § 7430.

## I.     NATURE OF THE ACTION

1. Denies the federal income taxes were "erroneously or illegally assessed and collected." Admits remaining allegations in this paragraph.

## II.     THE PARTIES

2. Admits.
3. Denies for lack of information or knowledge as to the Plaintiff's filing status in 2010.
4. Admits.

## III.     JURISDICTION AND VENUE

5. Denies the federal income taxes were "erroneously or illegally assessed and collected." Denies the remaining allegations regarding jurisdiction.
6. Admits.
7. Denies for lack of information or knowledge.
8. Denies for lack of information or knowledge.
9. Denies for lack of information or knowledge.

10. Admits.

11. Denies.

12. Denies for lack of information or knowledge.

13. Denies.

14. Admits.

### IV.    FACTUAL BACKGROUND

*The Settlement Payment*

15. Admits the first and second sentences. Denies remaining allegations for lack of information or knowledge.

16. Denies for lack of information or knowledge.

17. Denies for lack of information or knowledge.

18. Denies for lack of information or knowledge.

19. Admits a letter written was written. Admits the letter contains the quoted language. Denies the remainder for lack of information or knowledge, including whether the letter was delivered to the foreign government.

20. Admits a letter written was written. Admits that letter contains the quoted language. Denies the remainder for lack of information or knowledge, including whether the letter was delivered to the Plaintiff.

21. Admits that on the listed date the foreign government brought charges against Halliburton, its affiliates, and several executives. Denies for lack of knowledge as to whether the Foreign Government "reported" the charges. Denies for lack of knowledge as to the last two sentences.

22. Admits that on the December 11, 2010, Halliburton and the Foreign Government executed a document titled "Terms of Settlement and Non-prosecution agreement." Denies for lack of knowledge as to whether Halliburton actually paid the $35,000,00 to the Foreign Government in 2010. Denies the remaining allegations in the first sentence. Denies the allegations in the last two sentences.

23. Denies the first sentence. Admits that a document titled "Terms of Settlement and Non-Prosecution Agreement" contains the quoted language. Denies all remaining allegations.

24. Admits that a document titled "Terms of Settlement and Non-Prosecution Agreement" does not contain the quoted terms. Denies remaining allegations.

*Halliburton's Federal Income Tax Reporting of the Settlement Payment*

25. Denies.

26. Paragraph 26 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies that the allegation is a complete statement of the law.

27. Paragraph 27 appears to be Plaintiff's recitation of the law applied to the Settlement Payment to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law.

28. Paragraph 28 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law.

29. Paragraph 29 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law or legislative history.

30. Paragraph 30 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law.

31. Paragraph 31 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law.

32. Denies.

33. Denies.

## V. CLAIMS FOR RELIEF
### Count One
### (Overpayment of Federal Income Tax, 26 U.S.C. § 7422)

34. The United States also incorporates its above responses.

35. Denies.

36. Denies.

### Count Two
### (Violation of the Administrative Procedure Act, 5 U.S.C. § 706)

37. The United States also incorporates its above responses.

38. Paragraph 38 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law.

39. Paragraph 39 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law.

40. Denies.

41. Denies.

## Count Three
### (Treasury Regulation (26 C.F.R.) § 1.162-21(b)(1)(iii) Is Invalid, *Mayo Found. for Med. Educ. & Research v. U.S.*, 562 U.S. 44 (2011))

42. The United States also incorporates its above responses.

43. Paragraph 43 is a recitation of law to which no response is needed. To the extent a response is required, the United States denies the allegations are a complete and accurate statement of the law.

44. Denies.

45. Denies.

### VI. PRAYER FOR RELIEF

The United States denies that Plaintiff is entitled to the relief sought.

DAVID A. HUBBERT
Deputy Assistant Attorney General

IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Attorney-in-Charge
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
JONATHAN BLACKER
Trial Attorney
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(214) 880-9765
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9742 (Fax)
ATTORNEY FOR THE UNITED STATES

## **CERTIFICATE OF SERVICE**

    I, Ignacio Perez de la Cruz, certify that on September 23, 2024, I electronically filed this pleading using the ECF system, which will send notification to all counsel of record.

                                       /s/ Ignacio Perez de la Cruz
                                       IGNACIO PEREZ DE LA CRUZ