UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HALLIBURTON COMPANY,** § | |
| § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:24-cv-02149 |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Defendant.** § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.**

   The parties held the meeting required by Rule 26(f) by Microsoft Teams on October 28, 2024. The following counsel attended for each party:

   For Plaintiff: George Gerachis, Kathleen Pakenham and Christopher Popov

   For Defendant: Jonathan L. Blacker and Ignacio Perez de la Cruz

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how the cases are related.**

   None.

3. **Briefly describe what this case is about.**

   This case is about whether Plaintiff is entitled to a deduction under 26 U.S.C. § 162(a) for a payment made to the Federal Government of Nigeria ("FGN").

4. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   None.

5. **Federal jurisdiction.**

   a. **Specify the allegation of federal jurisdiction.**

Plaintiff has alleged that this Court has jurisdiction over this action pursuant to 26 U.S.C. § 6532(a)(1), 26 U.S.C. § 7422(a), and 28 U.S.C. § 1346(a)(1).  Compl. ¶¶ 5-13 [ECF-1].

   b. **Identify the parties, if any, who disagree with the Plaintiff's federal jurisdictional allegations and state their reasons.**

Defendant contends that this court lacks subject matter jurisdiction for the following reasons:

(1) The Court lacks subject matter jurisdiction over all counts because Plaintiff failed to comply with the two-year lookback period outlined in Code Section 6511.
(2) The Court further lacks subject matter jurisdiction over Counts Two and Three, on the grounds that the Plaintiff is barred by the variance doctrine outlined in Code Sections 6402 and 7422. Plaintiff was required to raise the arguments in Counts Two and Three with the IRS in its Refund Claim (Form 1120X).
(3) Alternatively, the Court may also lack subject matter jurisdiction over Count Two and possibly Count Three because the six-year statute of limitations under 28 U.S.C. §2401(a) for bringing a challenge to the regulation expired.  The United States is still evaluating this defense.

The United States intends to file threshold motions to dismiss on the grounds listed in paragraph 1 and 2, and it still evaluating a potential motion to dismiss on the grounds in paragraph 3.

   c. **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity.  When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. See *Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

Not applicable.

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

None anticipated.

**7.   List anticipated interventions.**

None anticipated.

**8.   Describe class-action or collective action issues.**

None.

**9.   State whether each party represents has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

Initial disclosures are required to be made by November 11, 2024. The Plaintiff does not anticipate any issues with meeting this deadline.

The Defendant believes it can make initial disclosures by Tuesday November 12, 2024, following the November 11 holiday, but anticipates it will need to supplement them.

**10.  If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

Plaintiff agrees.

Defendant would agree to this procedure if this section were applicable. Defendant contends that the issue of attorney fees is inapplicable as Plaintiff exceeds the maximum net worth and employee requirements of 28 U.S.C. § 2412(d)(2)(B), and therefore, cannot qualify for attorney's fees under 28 U.S.C. § 2412 or 26 U.S.C. § 7430.

**11.  Describe the proposed agreed discovery plan, including:**

   **a.  Responses to the matters raised in Rule 26(f) including any agreements (and disputes) concerning electronic or other discovery.**

The parties seek no changes to the timing, form, or requirement for disclosures under Rule 26(a).

Plaintiff is not aware of any issues concerning claims of privilege or protection at this time.

Defendant may raise certain privilege objections in response to any proposed discovery relating to the promulgation of Treasury Regulation (26 C.F.R.) § 1.162-21(b)(1)(iii) and the application of such regulation to the Plaintiff (Counts Two and Three).

The parties are unaware of any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

*Plaintiff's views as to discovery:*

Plaintiff will seek discovery from Defendant related to the promulgation of Treasury Regulation (26 C.F.R.) § 1.162-21(b)(1)(iii), including comments received on the proposed regulation. Plaintiff anticipates that the process for Defendant to search for and produce responsive information may be protracted given the age of information sought and agency protocols for the search for and production of information. Plaintiff seeks a schedule for the completion of all fact discovery within six (6) months and expert discovery in nine (9) months. Plaintiff does not believe there is any need to conduct fact discovery in phases and believes that it would be most efficient for fact discovery to be conducted pursuant to a single schedule. There may be a dispute between the parties concerning the appropriate scope of discovery to be taken from Plaintiff and third parties. The parties will have a more informed view after the parties exchange initial discovery.

*Defendant's views as to discovery*:

Subject to suspending discovery for all parties pending the resolution of threshold motions to dismiss discussed below, the Defendant anticipates seeking discovery from Plaintiff on the rationale for the $35 million payment that the Plaintiff made to the FGN. Since Defendant alleges that the payment also resolved actual and potential civil and criminal liabilities of third parties, including a former subsidiary of the Plaintiff, as well as that subsidiary's former CEO, the Defendant anticipates seeking discovery from those third parties. The Defendant also anticipates seeking foreign records from Nigeria, especially court records relating to Plaintiff's and related parties' criminal indictments, plea agreements, dismissals, and other information relating to the payment made by the Plaintiff. Obtaining this foreign discovery may take several months, thus necessitating the need for a longer discovery period.

   **b. Any threshold issues – such as limitations, jurisdiction, or immunity – that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

The United States will file one or more motions to dismiss the Plaintiff's Complaint and various counts therein. Defendant believes that the resolution of these motions should precede any discovery as these are threshold issues that need to be resolved prior to the beginning of discovery. Plaintiff disagrees and believes that resolution of these motions, if the Court permits their filing, should not postpone discovery.

12. **Experts**

    a. **Are experts needed on issues other than attorneys' fees?**

    Yes.

    b. **If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

    Not applicable.

    c. **The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

    Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) by May 1, 2025.

    d. **The date the opposing party will be able to designate responsive experts and provide the reports required by 26(a)(2)(B).**

    Given the uncertainty of obtaining foreign records from Nigeria, the United States does not believe it can designate experts before September 30, 2025. The United States believes it can designate experts and that expert discovery can be completed by December 31, 2025.

13. **State the date discovery can reasonably be completed.**

    Plaintiff's view is that fact discovery can reasonably be completed by May 1, 2025, and that expert discovery can be completed by August 1, 2025.

    Defendant's view is that fact discovery can reasonably be completed by September 30, 2025, and that expert discovery can be completed by December 31, 2025.

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties do not agree on the timing of discovery to be conducted by Plaintiff. Plaintiff seeks to initiate discovery immediately. Given the age of the information sought from the United States concerning promulgation of the regulation in question and the internal processes of the government in locating and reviewing such information prior to production, Plaintiff believes it is imperative that the start of discovery not be delayed.

    Defendant requests that the Court stay discovery until after the Court considers a motion to dismiss, which Defendant seeks to file. The motion to dismiss raises threshold issues concerning the Court's subject matter jurisdiction and the

Defendant's sovereign immunity that should be resolved prior to the beginning of any discovery. Because the parties do not agree on whether certain discovery should be stayed, they also do not agree on the length of the discovery period.

Plaintiff's view is that all discovery can be completed in no more than nine (9) months, including the three months of expert discovery; Defendant's view is that discovery can be completed in fourteen (14) months.

15. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    The parties discussed the possibilities for a prompt settlement or resolution of the case and concluded that a ruling on the motion to dismiss and some discovery (if the Court denies the motion to dismiss) would need to proceed before any settlement discussion would be fruitful.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

    Plaintiff's view is that a settlement discussion facilitated by the magistrate judge may be appropriate after the conclusion of fact discovery.

    Defendant agrees with Plaintiff, but such techniques should be used after the close of all discovery.

18. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

    The parties do not agree to trial before Judge Edison.

19. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

20. **Specify the number of hours it will likely take to present the evidence.**

    The parties currently estimate approximately five (5) trial days, or about 35 hours, to present the evidence in this case.

21. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

22. **List other pending motions.**

    Defendant has filed a pre-motion letter seeking to file a motion to dismiss counts 2 and 3 of the Complaint. [ECF-21]. Plaintiff has filed a letter objecting to the granting of a motion to dismiss. [ECF-24].

    Since requesting permission to file a motion to dismiss Counts Two and Three of the Complaint, the Defendant has identified another potential ground for dismissal. The Defendant asserts that the Plaintiff's Refund Claim is untimely under the provisions outlined in Code Section 6511, and therefore, the Court lacks jurisdiction over the Complaint. The United States will be sending a supplemental pre-motion letter noting this additional ground. With permission from the Court, the Defendant anticipates filing one motion to dismiss incorporating both grounds.

23. **List other matters, including discovery, that should be addressed at the conference.**

    None.

24. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties listing the date of filing for original and any amendments.**

    Plaintiff hereby certifies that on June 18, 2024, Plaintiff filed its Disclosure of Interested Parties as required by the Order for Conference and Disclosure of Interested Parties (*see* ECF 9).

    Defendant hereby certifies that on July 25, 2024, it filed its Disclosure of Interested Parties (*see* ECF 15).

Respectfully submitted,

Counsel for Plaintiff(s):

/s/ *George M. Gerachis*  Date: November 11, 2024
George M. Gerachis
Attorney-in-Charge
Texas State Bar No.: 07812500
Federal Bar No.: 345390
VINSON & ELKINS L.L.P.
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Email: ggerachis@velaw.com
Telephone: 713-758-1056
Facsimile: 713-615-5612

OF COUNSEL:
Kathleen Pakenham
Admitted pro hac vice
VINSON & ELKINS L.L.P.
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Telephone: 212-237-0149
Facsimile: 917-591-1995

Christopher Popov
Texas State Bar No.: 24032960
Federal Bar No.: 34615
VINSON & ELKINS L.L.P.
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Telephone: 713-758-2636
Facsimile: 713-615-5033

Counsel for Defendant(s):

/s/Ignacio Perez de la Cruz                           Date: 11/12/2024
Ignacio Perez de la Cruz
Trial Attorney
Attorney-in-Charge
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
Jonathan L. Blacker
Trial Attorney
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(214) 880-9765
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9742 (Fax)

**CERTIFICATE OF SERVICE**

  I, Ignacio Perez de la Cruz, certify that on November 12, 2024, I electronically filed this pleading using the ECF system, which will send notification to all counsel of record.

               /s/ Ignacio Perez de la Cruz
               IGNACIO PEREZ DE LA CRUZ