IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO: 4:24-cv-02149 |

## AMENDED[1] UNITED STATES' MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFF'S COMPLAINT

Pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, the United States moves to dismiss Counts Two and Three of the Plaintiff's Complaint.[2]  These counts raise new grounds seeking to invalidate a Treasury Regulation that were never presented to the IRS in the Plaintiff's administrative claim for refund. Accordingly, both counts are barred by the doctrine of variance, the Court lacks subject matter jurisdiction to consider them, and they are barred by sovereign immunity.

## BACKGROUND

Plaintiff filed its Complaint on June 6, 2024, asserting three grounds for relief. In Count One, Plaintiff seeks an income tax refund of $11.375 million on its 2010 tax year. It alleges that

---

[1] At ECF 28, the United States inadvertently filed a nonfinal version of the motion.

[2] In the Joint Discovery Plan (ECF 25), the United States indicated that it was contemplating a motion to dismiss the entire action under the provisions of code Section 6511 to be filed jointly with its motion to dismiss counts 2 and 3. The United States is no longer pursuing the dismissal under Section 6511. The United States is filing this motion now given the Court's November 19, 2024 Minute Entry, that "Defendant is given permission to file a motion to dismiss without the need to file a pre-motion letter."

the IRS erred in disallowing a $35 million payment made to a foreign government (the Federal Government of Nigeria ("FGN")) as a deductible business expense under Code Section 162(a) rather than a non-deductible "fine or similar penalty" under Code Section 162(f). Complaint, ¶ ¶ 25-29, 34-36. Count One is not at issue in this motion.

Plaintiff's Complaint alleges that the IRS relied on Treasury Regulation § 1.162-21(b)(1)(iii) ("Treasury Regulation") in denying its attempt to deduct the payment made to FNG and that this regulation substantially expanded the "fine or similar penalty" in Section 162(f) as including an amount "[p]aid in settlement of the taxpayer's actual or potential liability for a fine or penalty." Complaint, ¶ 28-31. In Count Two, Plaintiff challenges the enactment of this Treasury Regulation. The Plaintiff asks that it "be declared unlawful and set aside under the APA [Administrative Procedures Act]." This Treasury Regulation was enacted in 1975, and thus been around for almost forty years. Complaint, ¶¶ 37-41.

In Count Three, Plaintiff further asserts that the Treasury Regulation is invalid because it is inconsistent with Code Section 162 and "cannot be defended under the framework articulated" in *Mayo Found. for Med. Educ. & Research v. U.S.*, 562 U.S. 44 (2011), and *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Complaint, ¶¶ 42-45.

Plaintiff alleges that "[o]n December 21, 2018, Halliburton timely filed Form 1120X, Amended U.S. Corporation Income Tax Return, for its 2010 Tax Year by certified mail with the IRS Service Center in Ogden, Utah, claiming a refund of federal income tax paid in the amount of $11,375,000, plus statutory interest (the "***Refund Claim***")." Complaint, ¶ 8. Although Plaintiff did not attach a copy of the Refund Claim to its Complaint, a copy is attached to this Motion as Exhibit 1. The specific grounds for the Plaintiff's administrative claim for refund are spelled out on pages 4 and 34-35 of Exhibit 1. A review of this Refund Claim shows that it lacks any

reference to the Treasury Regulation and does not make any of the arguments made in Counts Two and Three of the Complaint about the Treasury Regulation's validity.

## ARGUMENT

Under Code Sections 6402 and 7422, Plaintiff was required to raise the arguments in Counts Two and Three with the IRS in its administrative Refund Claim (Form 1120X). Because Plaintiff failed to raise these arguments in its administrative claim for refund, the doctrine of variance bars the Plaintiff from raising them as grounds for a refund in this suit. Therefore, the Court also lacks subject matter jurisdiction to consider those arguments and they are barred by the doctrine of sovereign immunity.

## I.    Legal standards for Dismissal Under Fed. R. Civ. P. 12(b)(1) and (b)(6)

### A.    12(b)(1) Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(1), a court must dismiss a claim when it lacks subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction can take two forms, a "facial attack" or a "factual attack." *Safe Air for Everyone v. Meyer*, *et al.*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment [and the] court need not presume the truthfulness of the plaintiff's allegations." *Id.*; *see also*, e.g., *CAN v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Whether a court has jurisdiction to decide a case is a threshold matter, and, if no jurisdiction exists, the court must order dismissal without proceeding further. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, (1998).

Further, the United States, as a sovereign entity, is immune from suit unless it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id*. (cleaned up). A party who sues the United States bears the burden of establishing subject-matter jurisdiction, and, thus, must show an explicit waiver of immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996) (explaining that a waiver of the federal government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied).

### B.      12(b)(6) Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if, assuming the truth of all facts alleged in the complaint, it fails to state a 'claim to relief that is plausible on its face.'" *Fernandez v. Transp. Designs, Inc.*, No. 5:16-CV-22, 2016 WL 11066351, at *1 (W.D. Tex. Oct. 12, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To state a plausible claim to relief, "the complaint must include 'allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007)). A 12(b)(6) motion "must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Watsky v. Williamson County*, No. 1:21-cv-374-RP, 2024 WL 2420749, at *2 (W.D. Tex. May 23, 2024) (citing *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020)). "Dismissal under Rule 12(b)(6) is a judgment on the merits and is typically with prejudice." *Williams v. Am. Comm. Lines, Inc.*, No. 21-30609, 2022 WL 1652778, at *1 (5th Cir. May 24, 2022) (per curiam).

## II.    Jurisdiction and Waived Sovereign Immunity

The United States, as sovereign, is immune from suit except to the extent it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has consented to be sued for "erroneously or illegally assessed or collected" taxes. 28 U.S.C. § 1346(a)(1). Before waiving sovereign immunity, however, federal tax refund suits must first comply with specific reporting requirements, including those of Code Section 7422; *United States v. Dalm*, 494 U.S. 596, 601 (1990).

Under Code Section 7422,

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

The "claim for refund" is either a duly filed corporate tax return (Form 1120) or an amended corporate tax return (Form 1120X). In Plaintiff's case, its claim for refund is the Refund Claim (Form 1120X) it alleges it filed in December 2018. *See* 26 C.F.R. § 301.6402-3(a). In turn, 26 C.F.R. § 301.6402-2 specifies the requirements for the administrative refund claim: "[t]he claim must set forth *in detail each ground* upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." *See Mallette Bros. Constr. Co. v. United States*, 695 F.2d 145, 155 (5th Cir. 1983) (emphasis added) ("[A] generalized plea of error will not suffice"). The rationale for this specificity requirement at the agency stage is sound: "both to prevent surprise and to give adequate notice to the Commissioner of the nature of the claim, and its underlying facts, so that a thorough administrative investigation and determination can be made." *Burlington N., Inc. v. United States*, 684 F.2d 866, 868 (Ct. Cl. 1982).

A.    **The Doctrine of Variance**

A taxpayer's failure to raise a ground for recovery in its refund claim is fatal in a later-filed refund suit. The Fifth Circuit is unequivocal that "a taxpayer is barred from raising in a refund suit grounds for recovery which had not previously been set forth in its claim for refund." *Rodgers v. United States*, 843 F.3d 181, 195 (5th Cir. 2016) (quoting *Mallette Bros. Constr. Co.*, 695 F.2d at 155). The alleged error "must be clearly and specifically set forth in the refund claim" and the failure to do so jurisdictionally bars its inclusion in the suit. *See Mallette Bros. Constr. Co. v. United States*, 695 F.2d at 155. "Anything not raised at that time [in the refund claim] cannot be raised later in a suit for refund." *Wood v. United States*, 863 F.2d 417, 422 (5th Cir. 1989) (quoting *Ala. By-Products Corp. v. Patterson*, 258 F.2d 892, 900 (5th Cir. 1958). The plaintiff cannot provide "a generalized plea of error" to avoid dismissal. *Mallette Bros. Const. Co.*, 695 F.2d at 155.

This requirement is sometimes called the "variance doctrine." *El Paso CGP Co. v. United States*, 748 F.3d 225, 228 (5th Cir. 2014). Treasury Regulation § 301.6402-2(b)(1) "codifies the variance doctrine." *Id.* "Courts have long interpreted § 7422(a) and Treasury Reg. § 301.6402-2(b)(1) as stating a 'substantial variance' rule which bars a taxpayer from presenting claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the IRS." *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000) (internal citations omitted).

B.    **Plaintiff makes the Arguments in Counts Two and Three for the First Time in this Lawsuit; Thus, the Doctrine of Variance Bars Counts Two and Three**

In Count One of its Refund Claim, Plaintiff contends that the $35 million payment to the FGN was an "ordinary and necessary business expense" under Section 162(a) of the Internal Revenue Code. However, for the first time in this Complaint, Plaintiff now asserts in Count Two

that the enactment of the Treasury Regulation was procedurally deficient under the APA. Yet Plaintiff failed to present this argument to the IRS in its administrative Refund Claim. A review of that Form 1120X confirms that Plaintiff did not raise the validity of any regulation in its Claim for Refund. Moreover, the terms "26 C.F.R. §1.162-21," "APA," "Administrative Procedure Act," or "5 U.S.C. § 553" do not appear anywhere in Plaintiff's Refund Claim. Nor does the Plaintiff allege in its Complaint that it made this argument in its Refund Claim. As such the Court lacks subject matter jurisdiction over Count Two and it should be dismissed. *See, e.g., N. Illinois Gas Co. v. United States,* 12 Cl. Ct. 84, 91 (1987) (holding that it would be "manifestly unfair" to the Government to allow the taxpayer to pursue its claim under the APA when the Service was not alerted to a claim under the APA in the administrative claim).

Count Three of the Complaint similarly raises new grounds.  There, the Plaintiff alleges the Treasury Regulation is invalid because it is inconsistent with the underlying statute and "cannot be defended under the framework articulated" in *Mayo* or *Chevron*.  Complaint, ¶44. Once again, the Complaint is the first time the Plaintiff makes this argument regarding the regulation's validity, despite that when Plaintiff filed its administrative claim in 2018, *Mayo* and *Chevron* had long been decided. Plaintiff opted not to raise this ground with the IRS as a basis for its refund claim, and therefore, it cannot raise it now with this Court. Count Three should also be dismissed for lack of subject matter jurisdiction.

Alternatively, Plaintiff's failure to allege or attach documents showing that its administrative claim for refund included these grounds for a refund require dismissal of Counts Two and Three for failure to state a claim for relief.

## **CONCLUSION**

Counts Two and Three of Plaintiff's Complaint should be dismissed with prejudice under Rule 12(b)(1). The Court lacks jurisdiction over these Counts in Plaintiff's Complaint. They are barred by sovereign immunity, Internal Revenue Code Sections 7422, 6402 (and the corresponding Treasury Regulations), and the doctrine of variance. The allegations fail to allege that Plaintiff has filed a satisfactory refund claim that is sufficient to waive sovereign immunity and confer jurisdiction on the Court. Accordingly, Counts Two and Three are also subject to dismissal for failure to state a claim under Rule 12(b)(6).

DAVID A. HUBBERT
Deputy Assistant Attorney General

_____
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Attorney-in-Charge
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
JONATHAN BLACKER
Trial Attorney
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(214) 880-9765
U.S. Department of Justice
Tax Division
1700 Pacific Ave Suite 3700
Dallas, Texas 75201
(214) 880-9742 (Fax)
ATTORNEY FOR THE UNITED STATES

## <u>CERTIFICATE OF SERVICE</u>

I, Ignacio Perez de la Cruz, certify that on November 21, 2024, I electronically filed this pleading using the ECF system, which will send notification to all counsel of record.

/s/ Ignacio Perez de la Cruz
IGNACIO PEREZ DE LA CRUZ