IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO: 4:24-cv-02149 |

**UNITED STATES' REPLY IN SUPPORT OF ITS AMENDED MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFF'S COMPLAINT**

DAVID A. HUBBERT
Deputy Assistant Attorney General

JONATHAN BLACKER
Trial Attorney
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(214) 880-9765
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
U.S. Department of Justice
Tax Division
1700 Pacific Ave Suite 3700
Dallas, Texas 75201
(214) 880-9742 (Fax)

ATTORNEYS FOR THE UNITED STATES

i

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | INTRODUCTION ...................................................................................................1 | |
| **II.** | ARGUMENT..........................................................................................................3 | |
| | A. | Plaintiff Labels Counts Two and Three as "Claims for Relief" in its Complaint But Did Not Raise Them in its Refund Claim .................................................3 |
| | 1. | The Plaintiff's Ground for Refund in its Refund Claim Differs from the Grounds on Which it Bases this Suit ................................................................3 |
| | 2. | Counts Two and Three are not Rebuttals to a Counterargument Asserted by the Government.................................................................................................5 |
| | B. | Plaintiff Admits Counts Two and Three Seek an Advisory Opinion..............8 |
| | C. | The IRS was not on Notice of Plaintiff's Challenge to the Treasury Regulation...................................................................................................10 |
| | D. | Plaintiff is Mistaken that the IRS Could Not Consider its Challenge to the Treasury Regulation....................................................................................11 |
| | E. | *Loper Bright* Does not Help the Plaintiff's Variance Problem .....................15 |
| **III.** | CONCLUSION....................................................................................................16 | |

The United States respectfully submits this reply in support of its Motion to Dismiss Counts Two and Three of Plaintiff's Complaint (ECF No. 29, the "Motion").[1]

## I. INTRODUCTION

The sole issue involved in the Motion is whether the judicial doctrine of variance under Internal Revenue Code ("Code") Sections 6402 and 7422, and incorporated in Treasury Regulation § 301.6402-2(b)(1), deprives this Court of jurisdiction over Counts Two and Three of Plaintiff's Complaint, because Plaintiff failed to raise these grounds in its administrative Refund Claim before including them in this suit. As explained in the Motion, and expanded upon below, Counts Two and Three are barred by variance.

Count Two of the Plaintiffs' Complaint asserts, that the "IRS erroneously disallowed $32,500,000 of the $35,000,000 total deduction for the Settlement Payment claimed by Halliburton by relying on [Treas. Reg. § 1.162-21(b)(1)(iii)] the Potential Penalty Regulation." Complaint, ¶ 32. The Complaint further alleges in Count Two that the Treasury Regulation should be invalidated because it was procedurally deficient under the Administrative Procedures Act.[2] Yet Plaintiff failed to make this argument to invalidate the Treasury Regulation in its administrative Refund Claim before the IRS.

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Plaintiff argues that Treasury did not follow proper procedures when promulgating the Treasury Regulation, but at the same time asks the Court to excuse the Plaintiff's procedural failure to assert the APA procedural challenge in its administrative Refund Claim as a prerequisite to this Court having jurisdiction to consider that issue. Plaintiff cannot have it both ways.

1

Plaintiff's Refund Claim was filed on a Form 1120X, and review of that Form 1120X confirms that Plaintiff did not raise the validity of any regulation in its Claim for Refund. Nor does the Plaintiff allege in its Complaint that it made this argument in its Refund Claim. Plaintiff raised it for the very first time in this lawsuit. As such the Court lacks subject matter jurisdiction over Count Two and it should be dismissed.

Similarly, Count Three raises new grounds. There, the Plaintiff alleges the Treasury Regulation should be invalidated because it is inconsistent with the underlying statute and "cannot be defended under the framework articulated" in *Mayo* or *Chevron*. Complaint, ¶ 44. Once again, the Complaint is the first time the Plaintiff makes this argument regarding the Treasury Regulation's validity, despite that when Plaintiff filed its administrative Claim for Refund in 2018, *Mayo* and *Chevron* had long been decided. Plaintiff opted not to assert to that the Treasury Regulation should be invalidated as a basis for its administrative Refund Claim, and therefore, it cannot raise it now with this Court. Accordingly, Count Three should also be dismissed for lack of subject matter jurisdiction.

Plaintiff's Counts Two and Three are in stark contrast to Plaintiff's Count One where the Plaintiff's asserted grounds for the refund suit are the same as the grounds asserted in its administrative Claim for Refund – that the amounts paid were deductible business expenses rather than a penalty. For this reason, the suit may still proceed under Count 1.

## II. ARGUMENT

### A. Plaintiff Labels Counts Two and Three as "Claims for Relief" in its Complaint But Did Not Raise Them in its Refund Claim

#### 1. The Plaintiff's Ground for Refund in its Refund Claim Differs From the Grounds on Which it Bases this Suit

Plaintiff asserts three distinct "Claims for Relief" in its Complaint. *See* Complaint, pp. 8-10. The three "Claims for Relief" are: (1) "Count One - (Overpayment of Federal Income Tax, 26 U.S.C. § 7422" (Complaint, p. 8)), (2) "Count Two - (Violation of the Administrative Procedure Act, 5 U.S.C. § 706)" (Complaint, p. 9), and (3) "Count Three (Treasury Regulation (26 C.F.R.) § 1.162-21(b)(1)(iii) Is Invalid, *Mayo Found. for Med. Educ. & Research v. U.S.*, 562 U.S. 44 (2011)" (Complaint, p. 10)). Plaintiff specifically uses the words "Count" in its Complaint, and it is understood that "counts" refer to the *basis* for bringing a case and the statement of a distinct claim. *See* Legal Information Institute Dictionary,[3] and BLACK'S LAW DICTIONARY 353 (7th ed. 1999).

In Count One, Plaintiff states that it overpaid its taxes for tax year 2010 and is entitled to a refund because it should have been allowed to deduct the $35 million payment (Settlement Payment) as a business expense under Code Section 162(a). This argument, and its factual and legal basis, was outlined in the Refund Claim, and this Court has jurisdiction to consider it.

In Count Two, the Plaintiff alleges that

---

[3] The definition can be found at
https://www.law.cornell.edu/wex/count#:~:text=Counts%20refer%20to%20the%20basis, both%20present%20in%20a%20lawsuit.

3

> "The Potential Penalty Regulation was promulgated 'without observance of procedure required by law' because, among other things, the Treasury Department failed to respond meaningfully to comments received. The Potential Penalty Regulation is also arbitrary, capricious, and an abuse of discretion because, among other things, the Treasury Department failed to provide a reasoned statement of the Regulation's basis and purpose and otherwise failed to provide a reasoned explanation for the choices made in the Regulation. Accordingly, the Potential Penalty Regulation violates 5 U.S.C. § 553, and it was arbitrary and unlawful for the IRS to rely on the Potential Penalty Regulation in denying Halliburton's Refund Claim; the Proposed Penalty Regulation should also be declared unlawful and set aside under the APA. *Id.* § 706(2)."

Complaint, pp. 9-10, ¶¶ 40-41.

In Count Three, Plaintiff makes a similar claim. *See Id.*, p. 10, ¶¶ 44-45. It seeks to "set aside" the Treasury Regulation:

> Treasury Regulation (26 C.F.R.) § 1.162-21(b)(1)(iii) is inconsistent with 26 U.S.C. § 162 and cannot be defended under the framework articulated in *Mayo* or *Chevron* and the Treasury Department's interpretation should not be accorded deference. . . . Accordingly, it was arbitrary and unlawful for the IRS to rely on the Potential Penalty Regulation in denying Halliburton's Refund Claim; in addition, the Potential Penalty Regulation is invalid and, therefore, should be declared unlawful and set aside.

Examining the administrative Refund Claim makes it apparent that the Plaintiff did not raise either of these "Claims for Relief." Neither the Treasury Regulation, 26 C.F.R. §1.162-21, nor relevant terms "," "APA," "Administrative Procedure Act," or "5 U.S.C. § 553" are mentioned in the Refund Claim. And *nowhere* in the Refund Claim does the Plaintiff argue that the Treasury Regulation (i) was procedurally deficient under the APA, (ii) is "invalid," (iii) was arbitrary, capricious, and an abuse of discretion, or (iv) should be "declared unlawful and set aside." These claims are made for the first time in this suit.

4

## 2. Counts Two and Three are not Rebuttals to a Counterargument Asserted by the Government

Hoping to get around this fatal variance, Plaintiff proclaims that "Counts Two and Three do not allege a ground for refund (*i.e.*, allege a ground on which Halliburton's taxes should be reduced); rather, they simply explain why the government's counterarguments are wrong." Response, pp. 6-7.

Yet Plaintiff's argument is belied by the relief affirmatively requested in its Complaint that the Treasury Regulation is "invalid" and should "declared unlawful and set aside." These are not "rebuttals" of the "government's counterarguments" (Response, p. 9); these are specific and distinct grounds that originated with the Plaintiff in **its Complaint** for the first time, but not previously raised in its administrative Refund Claim.

In characterizing Counts Two and Three as "rebuttals of the government's counterarguments," the Plaintiff improperly analogizes them to arguments raised (i) in response to a counterclaim asserted by the government in other cases, (ii) in response to a new position taken by the government after litigation has started in other cases, or (iii) in supplemental information or documentation provided to the IRS in other cases prior to the filing of a claim for refund that is sufficient to advise the IRS of the issues involved. Admittedly, the variance doctrine is inapplicable in those three scenarios, but none of them are Plaintiff's.

The result is that the cases relied upon by the Plaintiff are inapposite. For example, in *Santa Cruz Bldg. Ass'n v. United States*, 411 F. Supp. 871 (E.D. Mo. 1976), the IRS

also had available to it a claim for a tax exemption and a history of the taxpayer's activities and purposes filed with that tax exemption claim. *Id.* at 876. These along with the claim for refund were sufficient to advise the IRS of the issues involved.

Similarly, in *IA 80 Grp., Inc. v. United States*, 347 F.3d 1067 (8th Cir. 2003), the court observed that "[o]ther written communications to the IRS can also supply adequate notice to support litigation." *Id.* at 1075. In *IA 80 Grp.*, the refund claim was supplemented by a memorandum written by the taxpayer's chief financial officer. *Id.*

Here, there is no allegation or evidence that Plaintiff provided any supplemental information or communications to the IRS claiming that the Treasury Regulation is procedurally deficient under the APA, is "invalid," "arbitrary, capricious, and an abuse of discretion," or that the Treasury Regulation should be "declared unlawful and set aside." These claims were raised for the first time in this suit and thus they are barred by the doctrine of variance.

Courts have agreed in similar cases. For example, in *N. Ill. Gas Co. v. United States*, 12 Cl. Ct. 84, 91, *aff'd*, 833 F.2d 1582 (Fed. Cir. 1987), the court denied a refund claim on variance grounds when plaintiff's administrative claims for refund were "devoid of any mention" of a "legislative rule" "or Administrative Procedure Act" issue raised by the plaintiff for the first time in the suit. The court noted that "[r]esolution of the Administrative Procedure Act issue in this Court would require consideration of different factors than those assessed by the IRS with regard to the original, administrative claims" and that to "allow plaintiff to pursue its present claim would be manifestly unfair to the Government."

The Plaintiff argues that Counts Two and Three "do not allege any new or separate deductions, and [Plaintiff] still must show that the Settlement Payment is a deductible business expense under section 162(a) to obtain a refund." Response, p. 11. Plaintiff then states that its arguments in Counts Two and Three "are not separate grounds" on which its Refund Claim is based. *Id.* Yet, Plaintiff lists three separate "Claims for Relief," with each claim for relief described in a separate "count." As noted above, "counts" refer to the *basis* for bringing a case. As pled, each count represents a separate basis for the Plaintiff's suit, and each states a separate cause of action. In short, Plaintiff filed a suit seeking a refund of federal income tax, and the Plaintiff lists three separate counts/bases as to why it is entitled to that refund. Two of these three counts/bases that the Plaintiff relies on were *not* included in its administrative Refund Claim. Therefore, these are barred by the variance doctrine.

The cases relied upon by the Plaintiff are again distinguishable. In *Snead v. Elmore*, 59 F.2d 312, 314 (5th Cir. 1932), the Fifth Circuit held that a claim for refund "must have indicated not only the amount claimed but the substantial grounds on which illegality is asserted and the general facts supporting the grounds, so that they may be fully investigated." *Id.* Here, there are *no* facts and *no* discussion of the legal basis in the Refund Claim relating to the alleged invalidity of the Treasury Regulation. Rather, the Refund Claim explains the factual and legal basis supporting the Plaintiff's position that the Settlement Payment is deductible under Section 162(a).

In *Hanna Iron Ore Co. v. United States,* 68 F. Supp. 832 (E.D. Mich. 1946) and *New Gaming Sys., Inc. v. United States*, No. 2:11–CV–00627–MCE–AC, 2013 WL 5798998, (E.D. Cal. Oct. 28, 2013), the courts explain that, while taxpayers are required to explain their factual and legal theories in the claim for refund, it is "mandatory that such facts as will clearly demonstrate the nature of the claim" must be included in the claim for refund, and that an "action for recovery of taxes must be founded on the same grounds, and only such grounds, as are stated and presented in the claim" *See Hannah Iron Ore*, 68 F. Supp. at 836. Further, "[a]lthough courts have not required taxpayers to provide detailed explanations of their legal theories, or to develop full factual backgrounds in their refund claims, the IRS is entitled to take the refund claim at face value and examine only the points to which it directs attention. . . . If the claim on its face does not call for investigation of a question, the taxpayer may not later raise that question in a refund suit." *New Gaming Sys., Inc.*, 2013 WL 5798998, at *10. Here there is neither a factual discussion nor a legal basis for the Plaintiff's assertions relating to the invalidity of the Treasury Regulation. The government is therefore entitled to take the Refund Claim at "face value" and the Plaintiff is not entitled to raise its arguments in federal court seeking to invalidate that Regulation.

**B. Plaintiff Admits Counts Two and Three Seek an Advisory Opinion**

Plaintiff also argues that Counts Two and Three have no bearing on its Refund Claim. It states that "if this Court were to disagree with [Plaintiff] that the Settlement Payment is deductible as a business expense, [Plaintiff's] rebuttal arguments regarding invalidity [of the Potential Penalty Regulation] would offer no alternative basis for

8

refund." Response, p. 13. In other words, "prevail or not on the invalidity issue, [Plaintiff] would still have to show that the Settlement Payment is a business expense under section 162(a)—the sole ground for refund in this case." *Id.* pp. 14-15

In stating that this Court's decision relating to Counts Two and Three does not affect the ultimate question of whether the Settlement Payment is deductible, the Plaintiff essentially seeks an advisory opinion regarding the validity of the Treasury Regulation. According to the Plaintiff, the key (and only) issue is whether the Settlement Payment is deductible under Code Section 162(a) even if the Court finds the Regulation is invalid.

But courts are not authorized to give advisory opinions. Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule on questions that are hypothetical or which do not affect the rights of the parties in the case before the court. *See Lewis* v. *Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). This is because courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974). *See also Amar v. Whitley,* 100 F.3d 22, 24 (5th Cir.1996) (federal courts lack jurisdiction to issue advisory opinions and possibility of future issue does not warrant exception to mootness dismissal); *C & H Nationwide, Inc. v. Norwest Bank Texas NA,* 208 F.3d 490, 493 (5th Cir.2000) ("Federal courts are not in the business of rendering advisory opinions."). Given Plaintiff's statement that it is asserting "one ground for refund: The Settlement Payment is deductible as a business expense under

9

section 162(a)," Response, p. 7, any decision relating to the validity of Counts Two and Three will result in an impermissible advisory opinion.

### C. The IRS Was Not on Notice of Plaintiff's Challenge to the Treasury Regulation

The Plaintiff argues that even if Counts Two and Three represent grounds for a refund, Counts Two and Three do not *substantially* vary from the Refund Claim, and the IRS was on notice that the Plaintiff was challenging the Treasury Regulation. The Plaintiff reasons that by mentioning Code Section 162(f) and the words "potential fine or penalty," the IRS somehow understood this meant that the Plaintiff was also challenging the Treasury Regulation and seeking to invalidate it.

This is a bridge too far. Beyond mentioning Code Section 162(f) and a few words in the Refund Claim, the Plaintiff does not state in its Response how the IRS was on notice of Plaintiff's argument to invalidate the Treasury Regulation.. The Plaintiff just declares that the government was "well on notice" and cannot "credibly claim surprise" at the arguments in Counts Two and Three. Response, p. 15. But there is a wide difference between asserting that one fits within the requirements of a statute and regulation interpreting that statute versus arguing that the regulation is invalid.

The authority cited by the Plaintiff offers no support. In *Lockheed Martin Corp. v. United States*, 39 Fed. Cl. 197, 201 (1997), *aff'd*, 210 F.3d 1366 (Fed. Cir. 2000), the court held that the purpose of the variance doctrine is to prevent surprise and to give adequate notice to the IRS of the nature of the claim and the specific facts upon which it is predicated. *Id.* at 201. This requirement of "adequate notice" of the "nature of the

claim" and the "*specific* facts" is meant to permit the IRS to conduct an administrative investigation and determination, and provide it with an opportunity to correct any errors and limit the scope of any ensuing litigation to those issues examined. *Id.* (emphasis added).

The IRS was afforded no opportunity to conduct an administrative investigation as to the alleged procedural defects in the promulgation of the Treasury Regulation or to consider a different position on the Plaintiff's Refund Claim if it had found procedural defects. Nor did it have an opportunity or the ability to correct any errors or limit the scope of any ensuing litigation relating to the validity of the Treasury Regulation. The variance doctrine therefore prevents from the Court from considering the Plaintiff's arguments relating to the validity of the Treasury Regulation raised for the first time in this suit.

### D. Plaintiff is Mistaken that the IRS Could Not Consider Its Challenge to the Treasury Regulation

Plaintiff's next argument is that the variance doctrine should not apply in this "situation because the IRS could not have even considered Halliburton's invalidity arguments in rebuttal to the government's fine or penalty counterargument. IRS and Treasury policy forbid the IRS from considering invalidity in its administrative determination." Response, p 16. In support of this claim, Plaintiff cites a proposed regulation and two provisions of the Internal Revenue Manual. Neither are precedent and neither supports the Plaintiff.

11

Plaintiff cites Prop. Treas. Reg. § 301.7803-2(c)(19) ("Proposed Regulation") for the proposition that it is "inappropriate" for IRS employees to consider whether a regulation is valid. The Proposed Regulation does not support the Plaintiff's claim.

First, proposed regulations are generally not afforded any more weight than that of a position advanced by the Commissioner on brief. *Gen. Dynamics Corp. v. Comm'r*, 108 T.C. 107 (1997). Second, the Proposed Regulation does not present a sweeping rule that the IRS cannot consider the validity of another Treasury regulation. Rather, the Proposed Regulation merely states that, while an administrative "Appeals" resolution process is generally available to all taxpayers to resolve federal controversies, certain controversies are excepted from consideration by the IRS Independent Office of Appeals, because they are neither a federal tax controversy nor treated as a federal tax controversy. One of these excepted controversies is an

> issue based on a taxpayer's argument that a Treasury regulation is invalid unless there is an unreviewable decision from a Federal court invalidating the regulation as a whole or the provision in the regulation that the taxpayer is challenging. This exception does not preclude Appeals from considering a Federal tax controversy based on arguments other than the validity of a Treasury regulation, such as whether the Treasury regulation applies to the taxpayer's facts and circumstances.

*See* Resolution of Federal Tax Controversies by the Independent Office of Appeals, 87 FR 55934, at 55950 (2022).

There are several problems with the Plaintiff's arguments based on the Proposed Regulation. First, as noted above, proposed Treasury regulations are neither law nor precedential. Second, this proposed regulation was proposed in 2022, **about four years after** the Plaintiff submitted its Refund Claim to the IRS. Finally, the Proposed

12

Regulation does *not* state that the Plaintiff was prevented from including the arguments outlined in Counts Two and Three in its Refund Claim. The Proposed Regulation merely states that the validity of a regulation is not subject to resolution by the IRS Independent Office of Appeals. Nothing prevented the Plaintiff from submitting its arguments to the IRS as part of its administrative Refund Claim.

Plaintiff's reliance on the IRS Internal Revenue Manual Sections 4.51.4.4.3(2)(h) (06-28-2017) and 8.1.1.3.1(5) (01-09-2024) is similarly misplaced. The Internal Revenue Manual does not have the force of law and does not confer rights on taxpayers. *Fargo v. Comm'r*, 447 F.3d 706, 713 (9th Cir. 2006). This view is widely shared. *See, e.g., Einhorn v. DeWitt,* 618 F.2d 347, 350 (5th Cir.1980); *Carlson v. United States,* 126 F.3d 915, 922 (7th Cir.1997); *Marks v. Comm'r,* 947 F.2d 983, 986 n. 1 (D.C.Cir.1991) (holding that "[i]t is well-settled ... that the provisions of the [Internal Revenue M]anual are *directory rather than mandatory,* are not codified regulations, and clearly do not have the force and effect of law" (emphasis added)); *see also Valen Mfg. Co. v. United States,* 90 F.3d 1190, 1194 (6th Cir.1996); *United States v. Horne,* 714 F.2d 206, 207 (1st Cir.1983).

Further, the portions of the Internal Revenue Manual cited by the Plaintiff are inapplicable on their face. Section 4.51.4.4.3(2)(h) deals with types of cases and issues that are not eligible for the IRS' "Fast Track Settlement Program" ("FST Program"). Under this section, issues raised by taxpayers challenging the validity of a regulation are ineligible for the FTS Program. This section does *not* state that taxpayers may not raise the validity of a regulation in an administrative claim for refund; it just means this issue is

not available for fast track resolution. In any event, this case does not involve the FST Program.

Section 8.1.1.3.1(5) (01-09-2024) is also inapplicable. It states that IRS "Appeals does not apply litigating hazards to arguments raised by a taxpayer regarding the validity of Treasury Regulations." See 2007 WL 10024645, at *1. The current suit involves a routine amended tax return not an administrative appeal within the IRS, or whether Appeals should consider arguments relating to the validity of a regulation.

The cases cited by the Plaintiff also miss the mark. *El Paso CGP Co., L.L.C. v. United States*, 748 F.3d 225 (5th Cir. 2014) and *Shore v. United States*, 26 Cl. Ct. 826 (1992) both involved situations where the government itself created the substantial variance from the initial claim. That's not the case here: the government neither created new issues after Plaintiff filed the Refund Claim, nor unexpectedly changed its litigation strategy. *See also Keefer v. United States,* No. 3:20-CV-0836-B, 2022 WL 2473369, at *7 (N.D. Tex. July 6, 2022), *reconsideration denied,* No. 3:20-CV-0836-B, 2022 WL 3227853 (N.D. Tex. Aug. 10, 2022) (rejecting a variance argument when the government raised a new defense for the first time after the claim was in litigation). In fact, the Treasury Regulation at issue here existed for almost fifty years at the time this suit was filed and for almost over forty-five years when the administrative Refund Claim was filed. Thus, Plaintiff had ample opportunity to challenge the validity of the Treasury Regulation when it filed its Refund Claim.

### E. *Loper Bright* Does Not Help the Plaintiff's Variance Problem

Finally, Plaintiff contends that the recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) prevents the government's variance argument. Plaintiff is mistaken. *Loper Bright* held that courts need not defer to an agency's interpretation of the law simply because a statute is ambiguous. Although *Loper Bright* was not decided when the Plaintiff filed this suit, the two cases relied upon by the Plaintiff in its Complaint, *Mayo Found. for Med. Educ. & Research v. U.S.*, 562 U.S. 44 (2011), and *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), were long decided when the Plaintiff filed its Refund Claim.

In short, nothing prevented the Plaintiff from including its arguments relating to the validity of the Regulation in its Refund Claim. And *Loper Bright* does not reflect an intervening change in law similar to that involved in the case cited by Plaintiff, *Standard Lime & Cement Co. v. United States*, 329 F.2d 939 (Ct. Cl. 1964) (taxpayer's entitlement to percentage depletion was involved in both the claim for refund and the subsequent lawsuit; the intervening change in law merely changed the way the amount of depletion was computed). Under *Loper Bright,* the Court need not defer to the Treasury Regulation's interpretation of the statute even if the statute is ambiguous, and the Court would have previously been required under *Chevron* to defer to the interpretation in the Regulation. The Plaintiff is obviously not foreclosed from arguing *Loper Bright* in this case, but the fact that *Loper Bright* was recently decided does not obviate the requirement that the Plaintiff had to raise the underlying grounds for invalidating the Treasury Regulation in Counts Two and Three in its Refund Claim. For example, Plaintiff could

have raised the alleged procedural defects under the APA and the alleged inconsistency with the statute that the Treasury Regulation interprets. The Plaintiff did not make these arguments, and thus it is now foreclosed from making them by the variance doctrine. If anything, *Loper Bright* removes any need to consider the validity of the Treasury Regulation in this case – as the Court has more latitude to disagree with it.

### III.  CONCLUSION

The Fifth Circuit is unequivocal: a taxpayer is barred from raising in a refund suit grounds for recovery which had not been set forth in its claim for refund. Plaintiff failed to raise the factual and legal arguments outlined in the Complaint's Counts Two and Three in its Refund Claim. This is fatal in this refund suit and the Court therefore lacks jurisdiction under the variance doctrine to consider Counts Two and Three in the Complaint. The variance doctrine does not bar Plaintiff from seeking its tax refund through Count One.

DAVID A. HUBBERT
Deputy Assistant Attorney General

_____
JONATHAN BLACKER
Trial Attorney
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(214) 880-9765
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
U.S. Department of Justice
Tax Division
1700 Pacific Ave Suite 3700
Dallas, Texas 75201
(214) 880-9742 (Fax)

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I, Jonathan L. Blacker, certify that on December 19, 2024, I electronically filed this pleading using the ECF system, which will send notification to all counsel of record.

_____
JONATHAN L. BLACKER

17