# Exhibit 1

# Vinson&Elkins

George Gerachis  ggerachis@velaw.com
Tel +1.713.758.1056  Fax +1.713.615.5612

April 25, 2025

Honorable Andrew M. Edison
United States Magistrate Judge
United States Courthouse
601 Rosenberg, Seventh Floor
Galveston, TX 77550

Re:  Joint Request for Conference with the Court
     *Halliburton Company v. United States* (Civil Action No. 4:24-cv-02149)

Dear Judge Edison:

Pursuant to Procedure 6.E of the Court Procedures of the Hon. Andrew M. Edison, Plaintiff writes on behalf of both parties to request a conference with the Court to resolve a dispute regarding Defendant's objections to certain of Plaintiff's discovery requests.

In this case Plaintiff seeks an income tax refund for 2010, claiming a payment made by Plaintiff to the Federal Government of Nigeria is deductible under 26 U.S.C. § 162(a). In its Complaint Plaintiff alleges that, as relevant here, the IRS erroneously disallowed the deduction by relying on 26 C.F.R. § 1.162-21(b)(1)(iii) (the "**Potential Penalty Regulation**"). In Counts Two and Three of the Complaint Plaintiff asserts that the Potential Penalty Regulation is invalid. ECF 1 at ¶¶ 32, 37-45.

On October 24, 2024, Defendant filed a letter requesting a pre-motion conference. ECF 21-1. In that letter, Defendant informed the Court that it sought to dismiss Counts Two and Three based on the substantial variance doctrine. Plaintiff filed its response on October 29, 2024. ECF 24-1.

On November 12, 2024, the parties filed a Joint Discovery/Case Management Plan. ECF 25. In the Joint Discovery/Case Management Plan, Plaintiff informed the Court that it would seek discovery from Defendant related to the promulgation of the Potential Penalty Regulation and that Plaintiff believed there was no need to conduct fact discovery in phases. *Id.* at 4-5. Defendant requested that the Court "stay discovery until after the Court consider[ed]" its then-forthcoming motion to dismiss, which "raise[d] threshold issues concerning the Court's subject matter jurisdiction and the Defendant's sovereign immunity that should be resolved prior to the beginning of any discovery." *Id.* at 5-6; *see also id.* at 4 ("Defendant believes that the resolution of these motions should precede any discovery as these are threshold issues that need to be resolved prior to the beginning of discovery.").

At the Initial Conference before Your Honor on November 19, 2024, Defendant reiterated its request to suspend discovery relating to Counts Two and Three pending resolution of its impending jurisdictional motion. The parties and the Court discussed Defendant's position. Following the Initial Conference, the Court entered the Docket Control Order, which provides for a single discovery period ending September 26, 2025, and includes no limitations on discovery. ECF 27.

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Dubai  Dublin  Houston  London  Los Angeles
New York  Richmond  San Francisco  Tokyo  Washington



On November 21, 2024, Defendant filed an Amended Motion to Dismiss Counts Two and Three of the Complaint (the "***Motion to Dismiss***"). ECF 29. Plaintiff responded in opposition on December 12, 2024, ECF 31, and Defendant replied on December 19, 2024, ECF 32. That motion is ripe for a ruling.

Plaintiff served its First Set of Discovery Requests (the "***Requests***," attached hereto as Exhibit A) on Defendant on January 31, 2025. On March 2, 2025, Defendant served its Responses to Plaintiff's First Request for Admissions, First Request for Production, and First Request for Interrogatories (attached hereto as Exhibits B, C, and D, respectively) (collectively, the "***Responses***"). In its Responses, Defendant objected to various of the Requests on the grounds that such discovery is "premature" pending resolution of Defendant's Motion to Dismiss.

On March 27, 2025, Plaintiff wrote Defendant expressing concern that, among other things, Defendant effectively granted itself a stay of discovery by refusing to respond to various Requests as allegedly "premature" and invited Defendant to defend its position at a meet and confer. *See* Exhibit E. On April 8, 2025, at 1:00 PM CDT, the parties met and conferred by video. In attendance were George Gerachis, Kathleen Pakenham, Phillip Clifton, and Zachary Willis for Plaintiff, and Ignacio Perez de la Cruz and Jonathan Blacker for Defendant. Plaintiff's counsel asked Defendant's counsel to explain Defendant's position that various Requests are "premature." Counsel for Defendant explained that it is Defendant's position that the Court lacks subject matter jurisdiction over Counts Two and Three to which Plaintiff seeks discovery. The parties could not reach an agreement during the meet and confer.

Plaintiff's position is that Defendant already requested a stay of discovery with respect to "threshold jurisdictional issues" in the Joint Discovery/Case Management Plan and at the Initial Conference, and that the Court specifically denied Defendant's request in the Docket Control Order. Defendant is not entitled to stay discovery unilaterally and has failed to move for a protective order.

Defendant's position is that while the Court did not impose a stay of discovery during the Initial Conference, neither the Motion to Dismiss nor Plaintiff's discovery had been served at that time, and the entry of the Docket Control Order was not tantamount to an order granting the discovery requests to which Defendant objects. Defendant has not produced documents related to the promulgation of the nearly 50-year old Potential Penalty Regulation. It is Defendant's position that such production is unnecessary because the Court lacks jurisdiction over Counts Two and Three, which is a threshold jurisdictional issue that may eliminate the need for discovery on the promulgation of that regulation. Defendant also notes that, to date, it has produced over 8,000 pages of discovery on other issues.

The parties request a conference with the Court to resolve this impasse.

Sincerely,

George M. Gerachis