UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HALLIBURTON COMPANY,**<br><br>  Plaintiff,<br><br>v.<br><br><br>**UNITED STATES OF AMERICA,**<br><br>  Defendant. | **Civil Action No. 4:24-cv-02149** |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING ........................................................ 3

ISSUES TO BE RULED UPON ..................................................................................... 3

BACKGROUND ............................................................................................................. 4

ARGUMENT ................................................................................................................... 7

   I.    Defendant Is Not Entitled to Refuse to Participate in Discovery Simply Because It Filed the Motion to Dismiss. .................................................... 8

   II.   Defendant's Other Objections Are Baseless. ........................................... 10

CONCLUSION ............................................................................................................. 14

# INTRODUCTION

Pursuant to the Court's instructions during the conference dated May 13, 2025, Plaintiff Halliburton Company ("**Halliburton**") respectfully files this Motion to Compel Discovery Responses under Federal Rules of Civil Procedure 26, 33, 34, 36, and 37.

Halliburton is seeking a refund of erroneously or illegally assessed and collected federal income taxes for its 2010 tax year, on the ground that a payment made to a foreign government in 2010 by Halliburton (the "**Payment**") is deductible under 26 U.S.C. § 162(a),[1] which commands "[t]here *shall be allowed* as a deduction all the ordinary and necessary expenses paid or incurred . . . in carrying on any trade or business." (Emphasis added). Halliburton timely served its First Set of Discovery Requests (the "**Requests**") on January 31, 2025. Declaration of George Gerachis ("**Gerachis Decl.**") ¶ 2, Ex. A. In the Requests, Halliburton propounded discovery on, *inter alia*, the regulatory history of 26 C.F.R. § 1.162-21(b)(1)(iii) (the "**Potential Penalty Regulation**")—a regulation that the Internal Revenue Service ("**IRS**") relied on to deny Halliburton's refund claim and which Defendant no doubt will assert here.

Defendant served written objections to the Requests on March 2, 2025, in which Defendant refused to produce documents responsive to Halliburton's Requests for Production 1-3, refused to answer Halliburton's Interrogatories 1-3, and refused to admit or deny Halliburton's Requests for Admission 11-16, alleging that such discovery is "premature" in light of Defendant's Amended Motion to Dismiss Counts Two and Three

---

[1] All citations to 26 U.S.C. and 26 C.F.R. are to those rules as in effect for the 2010 tax year.

1

of Plaintiff's Complaint [ECF 29] ("***Motion to Dismiss***").  *See* Gerachis Decl. ¶¶ 4-6, Exs. B-D.  Notably, Defendant failed to indicate in its objections whether it has begun collecting documents and information responsive to these requests.

Defendant raised other baseless objections to these requests: that Requests for Production 1-3 are "overbroad, unduly burdensome, and neither relevant nor proportional to the needs of the case based on Plaintiff's definition of 'Comments'", that Requests for Admission 11-16 and Interrogatories 1-3 are not relevant because a refund suit is a "*de novo*" proceeding, and that Interrogatories 1-3 and Request for Production 2 seek information protected by the deliberative process privilege.[2]  *See* Gerachis Decl. ¶¶ 4-6, Exs. B-D.

By refusing to participate in discovery on these spurious grounds, Defendant has violated the Docket Control Order [ECF 27] and granted itself a unilateral stay of discovery despite failing to formally request such relief from the Court.  The discovery sought by Halliburton unquestionably is relevant to the issues in this case and, to the extent not waived, Defendant's objections are specious, vague, and insufficient under the Federal Rules of Civil Procedure.  Halliburton respectfully requests (1) that the Court compel Defendant to withdraw its baseless objections and, within 21 days of the Court's order, produce all documents responsive to Requests for Production 1-3, fully answer Interrogatories 1-3, and respond to Requests for Admission 11-16 or (2) in the alternative,

---

[2] On the morning of May 30, 2025, Defendant produced a privilege log that describes a single document, which is not responsive to Requests for Production 1-3, and fails to claim the deliberative process privilege.  Gerachis Decl. ¶ 8.  Defendant has produced no other privilege logs in this matter.  *Id.*

2

that Defendant be precluded from introducing any evidence in this case that would be responsive to these outstanding discovery requests.

## NATURE AND STAGE OF THE PROCEEDING

This is a federal income tax refund suit brought on June 6, 2024, by Halliburton against Defendant. *See* Compl. [ECF 1]. Defendant filed its answer [ECF 20] on September 23, 2024. The Court entered a Docket Control Order [ECF 27] on November 19, 2024, pursuant to which the discovery period ends on September 26, 2025.

Halliburton timely served the Requests on January 31, 2025. Gerachis Decl. ¶ 2, Ex. A. Defendant served its objections to the Requests on March 2, 2025. Gerachis Decl. ¶¶ 4-6, Exs. B-D. Because Halliburton viewed Defendant's objections to certain of the Requests as deficient, the parties held a meet and confer on April 8, 2025, at which time the parties were unable to resolve their differences. Gerachis Decl. ¶ 7. The parties requested a conference with the Court to resolve this impasse. [ECF 33]. A conference with the Court was held on May 13, 2025, whereupon the Hon. Judge Hanks directed Halliburton to file this motion. [ECF 35].

## ISSUES TO BE RULED UPON

Halliburton brings this Motion to Compel Discovery Responses under Federal Rules of Civil Procedure 26, 33, 34, 36, and 37. In the context of a motion to compel responses to interrogatories under Federal Rule of Civil Procedure 33 or to compel requests for production under Federal Rule of Civil Procedure 34, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016). In the context of a motion

3

seeking to determine the sufficiency of responses to requests for admission under Federal Rule of Civil Procedure 36, the Court "must that order an answer be served" unless it finds an objection justified. *See Longoria v. City of Dallas*, No. 3:14-cv-3111-L, 2016 WL 6893625, at *6 (N.D. Tex. Nov. 22, 2016) (quoting FED. R. CIV. P. 36(a)(6)). Moreover, the trial court has discretion to impose sanctions under Federal Rule of Civil Procedure 37 where, as here, the party resisting discovery failed to comply with the court's scheduling order. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-87 (5th Cir. 1990).

Based on those standards, Halliburton respectfully requests that the Court grant its request to compel responses to each of Halliburton's Requests for Production 1-3, Halliburton's Interrogatories 1-3, and Halliburton's Requests for Admission 11-16 within 21 days of the Court's order, or, in the alternative, that Defendant be precluded from introducing any evidence in this case that would be responsive to the above-described discovery requests.

## BACKGROUND

Halliburton seeks a refund of erroneously or illegally assessed and collected federal income taxes on the ground that the Payment was an "ordinary and necessary expense[] paid or incurred . . . in carrying on [a] trade or business" within the meaning of 26 U.S.C. § 162(a). Defendant no doubt intends to rely on the Potential Penalty Regulation as an affirmative defense, notwithstanding that regulation's inconsistency with the statute it

4

purports to interpret[3] and the apparent failure of the IRS and Treasury to comply with the Administrative Procedure Act (5 U.S.C. § 551 *et seq.*) (the "***APA***") when promulgating that regulation.  Anticipating Defendant's reliance on the Potential Penalty Regulation, Halliburton included its counterarguments in the Complaint, explaining, *inter alia*, that Defendant's position is "contrary to applicable law" (Count One), and denoting its APA-related allegations as Count Two, Compl. ¶¶ 37-41 [ECF 1], and its inconsistent-interpretation-related allegations as Count Three, Compl. ¶¶ 42-45 [ECF 1].  To be clear, however, the three counts in the Complaint are intertwined; all three relate to Halliburton's sole ground for recovery: Whether the Payment is deductible as an ordinary and necessary business expense under 26 U.S.C. § 162(a).

From the outset of this litigation, however, Defendant has erroneously characterized Halliburton's allegations preemptively rebutting Defendant's counterarguments as Halliburton's "grounds for recovery."  Defendant has relied on this mischaracterization to delay discovery.  Indeed, in Defendant's pre-motion letter [ECF 21-1] on October 24, 2024, Defendant alerted the Court of Defendant's intention to file a partial motion to dismiss asserting that the substantial variance doctrine[4] deprives the Court of jurisdiction over

---

[3] The statutory provision on which Defendant relies for its defense states merely that no deduction is allowed "for any fine or similar penalty paid to a government for the violation of any law."  26 U.S.C. § 162(f).  However, the Potential Penalty Regulation, purporting to interpret 26 U.S.C. § 162(f), provides that a "fine or similar penalty" includes an amount "[p]aid in settlement of the taxpayer's actual or *potential* liability for a fine or penalty (civil or criminal)." (Emphasis added).

[4] The "substantial variance doctrine" prevents a court from considering "grounds for recovery" in a refund suit that substantially vary from those set forth in the taxpayer's administrative claim for refund.  *See generally El Paso CGP Co., L.L.C. v. United States*,

5

Count Two and Count Three of the Complaint. Subsequently, Halliburton and Defendant had their Rule 26(f) meeting on October 28, 2024, and timely filed the Joint Discovery/Case Management Plan [ECF 25] on November 12, 2024, in which Halliburton noted that it intended to propound discovery on the regulatory history of the Potential Penalty Regulation, and Defendant noted its position that all discovery should be suspended pending resolution of Defendant's then-forthcoming partial motion to dismiss.

On November 19, 2024, the parties participated in an initial conference with the Hon. Judge Edison, at which time Defendant reiterated its desire that discovery be stayed pending resolution of the then-forthcoming partial motion to dismiss. Gerachis Decl. ¶ 3. Judge Edison granted Defendant leave to file the partial motion to dismiss, but also stated that the Court would not stay discovery during the pendency of such motion. *Id.* Judge Edison then entered the Docket Control Order [ECF 27] with a single discovery period ending September 26, 2025. Defendant filed the Motion to Dismiss on November 21, 2024. Halliburton timely responded on December 12, 2024 [ECF 31], and Defendant filed its reply on December 19, 2024 [ECF 32].

On January 31, 2025, Halliburton served the Requests on Defendant. Gerachis Decl. ¶ 2, Ex. A. On March 2, 2025, Defendant served its Response to Plaintiff's First Request [sic] for Admissions, Response to Halliburton's First Request [sic] for Interrogatories, and Response to Plaintiff's First Request [sic] for Production. Gerachis

---

748 F.3d 225, 228-29 (5th Cir. 2014); *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000); 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2(b)(1).

6

Decl. ¶¶ 4-6, Exs. B-D.  Despite styling these documents as "responses", Defendant did not actually respond to the requests in issue.

By letter dated March 27, 2025, Halliburton promptly requested a meet and confer and explained that Defendant was not entitled unilaterally to decline to participate in discovery simply because it had filed the Motion to Dismiss, especially in light of Judge Edison's rejection of that very argument and the entry of a Docket Control Order [ECF 27] outlining the discovery period.  Gerachis Decl. ¶ 7, Ex. E.  In its letter, Halliburton further explained that Defendant's "*de novo*" objection was contrary to law, and that Defendant's use of the deliberative process privilege was "unsubstantiated and improper." *Id.*  The parties were unable to resolve their issues at their April 8, 2025, meet and confer and jointly requested a hearing with the Court. [ECF 33].  In the parties' joint letter, Defendant argued only its position that discovery regarding the Potential Penalty Regulation is "premature" and did not reassert its "*de novo*" objection or its deliberative process objection.  At the hearing on May 13, 2025, Defendant focused solely on its "premature" discovery argument, and the Hon. Judge Hanks directed Halliburton to file this Motion to Compel. [ECF 35].

## ARGUMENT

Defendant effectively has granted itself a unilateral stay of discovery.  Ignoring the Court's Docket Control Order [ECF 27], Defendant inappropriately has relied on its Motion to Dismiss—as well as other baseless objections—to resist responding to Plaintiff's discovery requests for months.  Plaintiff respectfully asks the Court to bring an end to Defendant's dilatory tactics and compel responses to the Requests.

### I. Defendant Is Not Entitled to Refuse to Participate in Discovery Simply Because It Filed the Motion to Dismiss.

Defendant is not entitled unilaterally to refuse to participate in discovery simply because Defendant has filed the Motion to Dismiss. First, the discovery sought by Halliburton would be relevant *even if* the Court were to grant the Motion to Dismiss because the issues in this case are "inextricably intertwined."[5] *United States v. Woods*, 571 U.S. 31, 47 (2013) (explaining how treating "inextricably intertwined" issues as independent of one another "is making a false distinction") (citation and quotation marks omitted). Indeed, even if the Court were to dismiss Count Two and Count Three, Halliburton's ground for recovery that the Payment is deductible under 26 U.S.C. § 162(a) will remain before the Court, and Defendant undoubtedly would seek to rely on the Potential Penalty Regulation, as did the IRS in the administrative proceedings. The regulatory history of the Potential Penalty Regulation may help the Court interpret the Potential Penalty Regulation and thus is very much relevant to a "party's claim or defense" and within the scope of permissible discovery even if the Court were to grant the Motion to Dismiss. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .").

Second, Defendant has failed to file any motion seeking a protective order or stay of discovery, and the Court has not ruled in Defendant's favor on the Motion to Dismiss.

---

[5] Of course, because the Potential Penalty Regulation is inextricably intertwined with the basis for Halliburton's refund claim (*i.e.*, that it is entitled to deduct the amount paid as an ordinary and necessary business expense), the substantial variance doctrine on which Defendant relies for his Motion to Dismiss does not apply to this case. *See* Opp'n to United States' Am. Mot. to Dismiss Counts Two and Three of Pl.'s Compl [ECF 31].

8

Even if Defendant were correct in its misguided beliefs that Count Two and Count Three should be dismissed and that the disputed Requests pertain only to Count Two and Count Three, Defendant is not entitled to award itself relief it has not formally sought from the Court on the grounds it *may* win a partial motion to dismiss. *See* FED. R. CIV. P. 26(b)(1) ("Unless *otherwise limited by court order*, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .") (emphasis added); *see also Cullum v. Diamond A Hunting Inc.*, No. SA–07–CV–0076 WWJ, 2009 WL 159589, at *1 (W.D. Tex. Jan. 21, 2009) ("So long as a claim has not been dismissed, the claims establish the bounds of relevancy under Rule 26(b)(1).").

Moreover, as stated above, at the initial conference Judge Edison specifically considered and definitively rejected Defendant's entreaty that discovery be stayed pending resolution of its then-forthcoming Motion to Dismiss. Indeed, in light of Judge Edison's prior explicit rejection of Defendant's reasoning, it is hard to construe Defendant's reliance on the Motion to Dismiss as justification for refusing to participate in discovery as anything other than a willful violation of the Court's Docket Control Order [ECF 27]. The Court, not Defendant, sets the discovery timeline in this case, and the Docket Control Order [ECF 27] provides for a single discovery period encompassing all matters in this case.

Third, the piecemeal discovery that Defendant seeks is inefficient and would lead to interminable cases. If discovery were stayed every time a party filed a partial motion to dismiss, the backlog of cases would be insurmountable, and litigants would never have their day in court. *See* FED. R. CIV. P. 1 ("[The Federal Rules of Civil Procedure] should

9

be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Piecemeal discovery, such as Defendant provided itself, simply wastes the time and resources of the parties and the Court, as it has here. Halliburton has been trying to resolve the deductibility of the Payment since 2010 and is entitled to its day in court.

## II. Defendant's Other Objections Are Baseless.

To the extent not waived, Defendant's other objections are similarly baseless. Defendant's objection to Requests for Production 1-3 on the grounds that Halliburton's definition of "Comment" is overbroad is plainly meritless. *See* Gerachis Decl. ¶ 6, Ex. D. Halliburton defined "Comment" as "any document submitted by any person related to the Notice of Proposed Rulemaking proposing the Potential Penalty Regulation (37 Fed. Reg. 25936 (December 6, 1972)) and any document submitted by any person related to the Notice of Proposed Rulemaking located at 36 Fed. Reg. 9637 (May 27, 1971)." Gerachis Decl. ¶ 2, Ex. A. This definition is eminently reasonable in a case where the validity and interpretation of a regulation are at issue. Moreover, even if this definition of Comment were deemed overbroad, Defendant's failure to produce any responsive documents whatsoever flies in the face of the Federal Rules of Civil Procedure. *See, e.g., Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014) ("If a discovery request is overbroad, the responding party must, to comply with Rule 33 or Rule 34, explain the extent to which it is overbroad *and answer or respond to the extent that it is not* . . . .") (emphasis added).

Defendant further objected to Request for Production 3 as "unclear" because "[Halliburton] seeks 'documents' but its quoted citation refers to comments, not to

10

documents." Gerachis Decl. ¶ 6, Ex. D.  This objection skirts frivolousness.  To the extent this objection even merits discussion, as noted above Halliburton defined "Comment" in the Requests to include "documents."  Thus, this Request for Production seeks those documents.

Defendant's objection that Requests for Admission 11-16 and Interrogatories 1-3 seek irrelevant information because "this is a *de novo* proceeding" is illogical.  *See* Gerachis Decl. ¶¶ 4-5, Exs. B-C.  Those Requests seek information on the regulatory history of the Potential Penalty Regulation, which are relevant to the agency's compliance with the APA, including its notice and comment requirements.  For example, Request for Admission 13 seeks an admission that the only public consideration by the Treasury Department or IRS of comments on the Potential Penalty Regulation as proposed was a single technical memorandum identified in the request.  Whether this is a "*de novo*" proceeding is irrelevant to the APA analysis.

To the extent that certain Requests are construed as seeking information related to the IRS audit and administrative appeal, Defendant's position that the "*de novo*" nature of a refund suit prevents discovery of such material is just wrong.  *See Herrmann v. United States*, 127 Fed. Cl. 22, 41-42 (2016) ("[T]here is no such rule that plaintiffs are prevented from [looking behind the Commissioner's determination] as part of their discovery efforts."); *see also RSBCO v. United States,* No. 3:21-01192, 2022 WL 20686932, at *6-7 (W.D. La. Apr. 5, 2022) (same).  Plaintiff pointed this out to Defendant in Plaintiff's March 27, 2025, letter requesting a meet and confer.  Moreover, Defendant has waived this objection, which was not included in its statement of position in the joint letter to the Court

11

[ECF 33], for several reasons. First, by arguing substantial variance of Plaintiff's lawsuit from its administrative claim, Defendant has put in issue the scope and details of the administrative proceedings. Second, Defendant has produced numerous documents from those administrative proceedings in discovery.

Finally, counsel for Defendant have attempted to assert the deliberative process privilege against Interrogatories 1-3 and Request for Production 2. Gerachis Decl. ¶¶ 5-6, Exs. C-D. Even if such privilege could apply, Defendant has waived it. "Asserting the deliberative process privilege requires: (1) a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege." *See League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-00259-DCG-JES-JVB, 2022 WL 3233406, at *3 (W.D. Tex. Aug. 10, 2022) (citing *Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000) (quotation marks omitted)). Courts deem the deliberative process privilege waived where, as here, line attorneys attempt to assert the privilege. *Id.* ("Because only trial counsel has invoked the deliberative process privilege, [the defendant] has not validly asserted the privilege. Consequently, [the defendant] must produce documents withheld on the basis of the deliberative process privilege."). Defendant has not complied with these well-established rules and therefore has waived any defense to production based on the deliberative process privilege.

Further, as stated above, the deliberative process privilege may be raised only in the context of *specific documents*. Yet Defendant attempted to raise the deliberative process

12

privilege against entire Requests, including Interrogatories that do not seek information that could possibly be protected by the privilege. Defendant's blanket assertions of the deliberative process privilege, unmoored from any explanation as to how the privilege applies to the information sought, and failure to identify documents over which Defendant asserts the privilege on a privilege log are plainly insufficient and fail to preserve the objection. *See id.*; *see also United States ex rel. Johnson v. Raytheon Co.*, No. 3:17-CV-1098-D, 2020 WL 10934776, at *2 (N.D. Tex. March 27, 2020) (compelling production of documents where a party who "anticipated" that the court's ruling on a motion to dismiss "might render discovery moot" failed to identify such documents on a privilege log). Accordingly, Defendant should be compelled to provide the requested information promptly.

## **CONCLUSION**

Defendant has stood on its baseless objections for months, despite Judge Edison's clear statement to Defendant that the Court would not stay the discovery period due to the filing of a partial motion to dismiss. Defendant should not be rewarded for dilatory actions and should be compelled to, within 21 days of the Court's order, produce all documents responsive to Requests for Production 1-3, fully answer Interrogatories 1-3, and respond to Requests for Admission 11-16. In the alternative, Halliburton respectfully requests that Defendant be precluded from introducing any evidence in this case that would be responsive to these discovery requests.

DATED: May 30, 2025

Respectfully submitted,

*/s/ George M. Gerachis*
George M. Gerachis
Attorney-in-Charge
Texas State Bar No.: 07812500
S.D. TX Federal I.D. No.: 345390
VINSON & ELKINS L.L.P.
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Email: ggerachis@velaw.com
Telephone: 713-758-1056
Facsimile:  713-615-5612

OF COUNSEL:

Kathleen Pakenham *(Pro Hac Vice)*
VINSON & ELKINS L.L.P.
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Email:  kpakenham@velaw.com
Telephone: 212-237-0149
Facsimile:  917-591-1995

Christopher Popov
Texas State Bar No.: 24032960
S.D. TX Federal I.D. No.: 34615
VINSON & ELKINS L.L.P.
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Email:  cpopov@velaw.com
Telephone: 713-758-2636
Facsimile:  713-615-5033

## **CERTIFICATE OF CONFERENCE**

As required by Procedure 6.C.2 of the Court Procedures of the Hon. Judge Hanks and Rule 7.1(D) of the Local Rules of the United States District Court for the Southern District of Texas, the undersigned hereby certifies that counsel for the parties have conferred regarding the foregoing motion, and it is opposed.


DATED: May 30, 2025                                      */s/ George M. Gerachis*
                                                                            George M. Gerachis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 30, 2025, I electronically filed this pleading using the ECF system, which constitutes service on all counsel of record.

*/s/ George M. Gerachis*
George M. Gerachis