IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO: 4:24-cv-02149 |

## UNITED STATES RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

### INTRODUCTION

This case is about whether Plaintiff Halliburton Company was entitled to a federal tax deduction for a $35 million payment to the Federal Government of Nigeria ("FGN") as a business expense, as permitted by § 162(a)(1) of the Internal Revenue Code (26 U.S.C.), or a non-deductible "fine or similar penalty" under § 162(f). Plaintiff is seeking documents relating to a regulation promulgated over 50 years ago. As explained below, because this is a de novo proceeding, the actions/thoughts/statements of the IRS are not relevant to this proceeding.

Further, these documents relate to Counts Two and Three of Plaintiff's Complaint for which the United States has moved to dismiss. Because the question of whether this Court has jurisdiction over Counts Two and Three is a threshold jurisdictional question to which the Plaintiff's discovery relates, the Fifth Circuit states that it is appropriate to stay discovery pending a determination of whether jurisdiction is valid. "In the context of a motion to dismiss, a district court has discretion to stay discovery if the disposition of the motion might preclude the need for discovery altogether." *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-

CV-02878-X, 2020 WL 6140462, at *1 (N.D. Tex. Aug. 12, 2020).  *See also Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("federal district court has discretion to stay discovery 'for good cause shown.'"); *Starrett v. Lockeed Martin Corp.*, No. 3:17-CV-00988-D-BT, 2018 WL 10345320, at *1 (N.D. Tex. Mar. 9, 2018) ("Court has discretion to stay discovery while a motion to dismiss is pending, if the disposition of the motion to dismiss 'might preclude the need for the discovery altogether.'" (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

Notwithstanding Plaintiff's use of inflammatory words such as "baseless, "frivolous," and "specious," the information sought by the Plaintiff is simply not relevant to this proceeding.

### ARGUMENT

It is "axiomatic" that tax refund suits are "de novo proceedings." *Vons Companies v. United States*, 51 Fed. Cl. 1, 6 (2001) (citing *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932)). But what does that mean? It means that, not only are any internal analyses, thoughts and actions of the IRS during a prior audit not binding on the United States in a refund case, but also that they are irrelevant, and of no consequence, in a refund case, as a matter of law. *See, e.g., R.E. Deitz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991) (noting that, the "factual and legal analysis employed by the Commissioner is of no consequence to the district court."); *Vons*, supra, (explaining that "no weight [is] given to subsidiary factual findings made by the Service in its internal administrative proceedings"); *National Right to Work Legal Defense and Ed. Foundation v. United States*, 487 F.Supp. 801, 805 (E.D. N.C. 1979) (observing that the "court's determination is de novo. The Court does not review the action of the Commissioner, for there is in fact no record to review."); *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77, (S.D.N.Y. 1970) (internal IRS files "form no part of the plaintiff's case.").

The Fifth Circuit has long adhered to this bedrock principle. *See King v. United States*, 641 F.2d 253, 259 (5th Cir. 1981) (finding that whether or not the IRS relied upon an improper theory on audit is "immaterial"). Because the actions and reasoning of the IRS are irrelevant, internal IRS files and documents are almost always not discoverable. That is, of course, because only "relevant" material is discoverable. FRCP 26(b)(1).

And, if something cannot matter, as a matter of law, and cannot make any fact more or less true, or any legal proposition more or less correct, as is the case with internal IRS files, it is not a proper subject of discovery. That is "Discovery 101." Thus, even before the 2015 amendments to FRCP 26, restricting the scope of discovery, courts around the country denied pointless discovery of the IRS in tax refund suits like this. *See, e.g., Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994) (denying depositions of IRS employees, and explaining that the "opinions, impressions, conclusions and reasoning of IRS agents are irrelevant to the validity of the assessment against plaintiff….") (emphasis added)); *McLeod v. United States*, 2000 WL 1902257 (D. Nev. 2000) (denying motion to compel production of IRS documents); *Associated Wholesale Grocers, Inc. v. United States*, 1989 WL 110300 (D. Kan. 1989) (denying discovery of internal files of IRS); *Lee v. United States*, 2016 WL 3360653 at 5 (D. Nev. 2016) (denying discovery of the IRS, and noting that the "IRS's determination about whether the payment was a gift or taxable income is simply not relevant.") (emphasis added)); *Xcel Energy, Inc. v. United States*, 237 F.R.D. 416, 419 (D. Minn. 2006) (denying document discovery of the IRS, and observing that "ruminations of IRS agents" are irrelevant to the taxpayer's penalty defense); *Garity v. United States*, 1980 WL 1765 at 2 (E.D. Mich. 1980) (denying discovery of the IRS, because the IRS's "motivation in issuing the assessments and the opinions of individual IRS agents regarding their propriety are immaterial.") (emphasis added));

*United States v. Nordberg*, 1996 WL 170119 at 2 (D. Mass. 1996) (denying discovery of the IRS: the taxpayer's tax liability "is not influenced by the IRS's conduct or findings during the audit."); *Estate of Cederloff v. United States*, 2010 WL 157512 at 2 (D. Md. 2010) (denying discovery from IRS, because "the reasoning of the IRS in assessing penalties in Plaintiff's case is irrelevant to the outcome of this proceeding.") (emphasis added)); *Pierson v. United States*, 428 F.Supp. 384, 390 (D. Del. 1977) (noting that the "reasons for the Commissioner's determination are not relevant for the Court does not review those reasons.")(emphasis added)); *Detroit Screwmatic Co*., supra, (denying discovery of IRS documents, because not relevant to the application of the law to the facts at trial); *Principal Life Ins. Co. v. United States*, 116 Fed. Cl. 82, 88 n.7 (2014) (denying production of IRS memo, because "Why a given IRS employee felt that penalties should be imposed on [the taxpayer] has nothing to do with this litigation.") (emphasis added)).

As previous noted, the sole issue in this case is whether Plaintiff is entitled to a refund of allegedly overpaid tax of $11,375,000, plus interest. Like every other taxpayer, Plaintiff must also prove the amount of any refund it claims. A party who sues the United States for a refund of taxes is said to have a "double burden." The taxpayer must not only prove that the Internal Revenue Service incorrectly determined its tax liability, but it must also establish the correct amount of its tax liability in order to prove that an overpayment has occurred. *Lewis v. Reynolds*, 284 U.S. 281, 283, modified, 284 U.S. 599 (1932); *Helvering v. Taylor*, 293 U.S. 507, 514 (1935); *King,* 641 F.2d at 259; *Bar L Ranch, Inc. v. Phinney*, 300 F. Supp. 839, 841 (S.D. Tex. 1969). Thus, Plaintiff must prove the facts underlying its claim.

Under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) the Court need not defer to the treasury regulation's interpretation of the statute even if the statute is ambiguous, and

the Court would have previously been required under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to defer to the interpretation in the Regulation. The United States believes (i) the statue at issue (§ 162(f) which denies a deduction for any fine or similar penalty paid to a government for a violation of any law) is not ambiguous, and (ii) Treas. Reg. § 1.162-21(b) which provides that no deduction shall be allowed for amounts paid in settlement of taxpayer's actual or potential liability for a civil penalty is valid and is a valid interpretation of section of § 162(f). If anything, *Loper Bright* removes any need to consider the validity of the Treasury Regulation in this case – as the Court has more latitude to disagree with it. Accordingly, discovery into the IRS's interpretation of, and the comments relating to, Treas. Reg. § 1.162-21(b), is simply unnecessary and irrelevant.

 

_____
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Attorney-in-Charge
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
JONATHAN BLACKER
Senior Litigation Counsel
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(214) 880-9765
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9742 (Fax)

ATTORNEYS FOR THE UNITED STATES

## <u>CERTIFICATE OF SERVICE</u>

I, Ignacio Perez de la Cruz, certify that on June 20, 2025, I electronically filed this pleading using the ECF system, which will send notification to all counsel of record.


/s/ *Ignacio Perez de la Cruz*
IGNACIO PEREZ DE LA CRUZ