IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO: 4:24-cv-02149 |

**UNITED STATES' REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO MOTION TO (I) COMPEL DISCOVERY RESPONSES AND
(II) REQUEST FOR MODIFICATION AND EXTENSION
OF SCHEDULING ORDER**

/s/ *Jonathan L. Blacker*
JONATHAN L. BLACKER
Senior Litigation Counsel
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(202) 598-7019
(214) 880-9765
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Attorney-in-Charge
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
U.S. Department of Justice
Tax Division
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
(214) 880-9742 (Fax)

ATTORNEYS FOR THE UNITED STATES

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................3

    I.   The Information Sought by the United States is Relevant ....................................3

    II.  Because the Requests are Relevant, the Plaintiff's Objections are Improper......6

    A.  The Federal rules and the courts unequivocally disapprove of a repeated litany of boilerplate objections ..................................................................................8

    B.  Plaintiff's refusal to indicate whether documents are being withheld on the grounds of privilege is improper ..................................................................10

    III. Based on the Various Disputes Still Under Consideration, and the Breadth of Discovery Remaining, the United States' Requested Ten Month Extension if Reasonable and Appropriate .................................................................................12

CONCLUSION....................................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alabama By–Products Corp. v. Patterson*,
   258 F.2d 892 (5th Cir.1958) ..................................................................................................4

*Exxon Mobil Corp. v. United States*,
   253 F. Supp. 2d 915 (N.D. Tex. 2003) ..................................................................................6

*Heller v. City of Dallas*,
   303 F.R.D. 466 (N.D. Tex. 2014) .......................................................................................8, 9

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ...............................................................................................................7

*Katz v. Batavia Marine & Sporting Supplies, Inc.*,
   984 F.2d 422 (Fed. Cir. 1993) ...............................................................................................7

*Martino v. Kiewit New Mexico Corp.*,
   600 F. App'x 908 (5th Cir. 2015) .........................................................................................10

*McLeod, Alexander, Powel & Apffel, P.C. v. Carlist*,
   894 F.2d 1482 (5th Cir.1990) ............................................................................................8, 9

*Merrill v. Waffle House, Inc.*,
   227 F.R.D. 467 (N.D. Tex. 2005) .......................................................................................7, 9

*Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467 (N.D. Tex. 2004) ................................12

*Rodgers v. United States*,
   843 F.3d 181 (5th Cir. 2016) .................................................................................................4

*S.E.C. v. Brady*,
   238 F.R.D. 429 (N.D. Tex. 2006) ...........................................................................................9

*S.E.C. v. Microtune, Inc.*,
   258 F.R.D. 310 (N.D. Tex. 2009) .........................................................................................12

*Sentis Grp., Inc. v. Shell Oil Co.*,
   763 F.3d 919 (8th Cir. 2014) ..................................................................................................7

*Simpson v. Hexion Specialty Chemicals*,
   No. 06-798, 2007 WL 9710857 (M.D. La. Sept. 19, 2007) .................................................10

*Third Pentacle, LLC v. Interactive Life Forms, LLC*,
    2012 WL 27473 (S.D. Ohio Jan. 5, 2012) ................................................................7

*United States v. El Paso Co.*,
    682 F.2d 530 (5th Cir.1982) ...................................................................................11

**Statutes**

Internal Revenue Code § 162(a)(1) (26 U.S.C.) ................................................................3

**Other Authorities**

*Alabama By-Prods. Corp* ...................................................................................................4

Fed. R. Civ. P. 26(b)(1) ............................................................................................. 6, 7, 9

Fed. R. Civ. P. 26(b)(5) ....................................................................................................11

Fed. R. Civ. P. 34(b)(2)(B) ................................................................................................8

Request No. 12 ...................................................................................................................9

Rule 26 ...............................................................................................................................7

Rule 26(a)(1)(A) ..............................................................................................................10

Rule 26(f) .........................................................................................................................12

Rule 34 ...............................................................................................................................8

Treas. Reg. § 301.6402–2(b)(1) .........................................................................................4

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO: 4:24-cv-02149 |

**UNITED STATES' REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO MOTION TO (I) COMPEL DISCOVERY RESPONSES AND
(II) REQUEST FOR MODIFICATION AND EXTENSION
OF SCHEDULING ORDER**

**INTRODUCTION**

The documents sought by the United States are relevant to this proceeding. For example, it is seeking documents underlying and supporting the factual claims Plaintiff made in its Form 1120X, Amended U.S. Corporation Income Tax Return, filed by Plaintiff for its 2010 tax year ("Refund Claim"). The Plaintiff seeks to limit its production of documents to only those documents it deems relevant, both in subject matter and in time. Despite the Plaintiff's use of descriptive words and phrases such as "scattershot grievances," "frankly absurd," "facially absurd," "fishing expedition," and "flawed understanding," the fact remains that the United States is entitled to the documents it seeks and they are directly relevant to this matter.

1

The Plaintiff's complaints regarding proper procedures are inapposite. The United States' Motion to Compel (Dkt. 42) raises issues that were neither new nor novel to the Plaintiff. It was well aware of the arguments and the bases related thereto and as such, its assertion that these issues were not covered in the joint letter to the Court that *outlined* the issues is incorrect.

Finally, the United States' requested extension of time is both necessary and proportional to the remaining events in this case. Contrary to the picture Plaintiff paints, there has been no "lack of diligence" on the United States' part with respect to any aspect of this case.

With respect to hiring an expert, it is clear that Plaintiff intends to rely on a Nigerian law expert to opine on Nigerian law (*e.g.*, "piercing the corporate veil"), from which Plaintiff will argue that it is entitled to deduct the payment at issue as an expense. We will address this particular argument at the appropriate time. What is evident is that the Plaintiff is relying on a memo prepared by its Nigerian counsel as support for its claims in this case. It is in response to this that the United States may hire an expert witness.

Counsel for the United States does not generally hire expert witnesses unless and until it is necessary, and this determination sometimes is made in the middle of a case. Moreover, the process for hiring a Nigerian expert is not simple as compared to hiring a domestic expert. Additional time is needed to decide whether to hire, and actually hire, a Nigerian expert.

Further, the parties have yet to exchange expert reports or start depositions. And as indicated in the August 7, 2025, hearing (and which was explained to Plaintiff), we are challenging claims of privilege for numerous entries on the Plaintiff's privilege log that was provided a few weeks ago on August 29, 2025.

## **ARGUMENT**

### I. **The Information Sought by the United States is Relevant**

The issue in this case is whether Plaintiff is entitled to a $35 million deduction for a payment to the Federal Government of Nigeria ("FGN") as a business expense under § 162(a)(1) of the Internal Revenue Code (26 U.S.C.). Plaintiff alleges the payment was made to "to protect its employees and reputation, prevent disruption of its business, and ensure that its executives could freely travel." Complaint at ¶ 22 (Dkt. 1). The United States asserts that the payment is a non-deductible "fine or similar penalty" under § 162(f).

As part of its argument, the United States asserts that the $35 million payment was made "on behalf" of KBR to settle KBR's civil and criminal liabilities in Nigeria under the Master Separation Agreement ("MSA") and was one that Halliburton was contractually obligated to make.

Consistent with the theory, the United States sought documents supporting this contention. In response, Plaintiff created its own self-serving definitions of "relevant" documents ("Relevant Subject Matters") and the "relevant" time period ("Relevant Timeframe"), and asserted that a vast majority of the United States' discovery requests

were irrelevant because they were outside of what the Plaintiff considered the Relevant Subject Matters and the Relevant Timeframe. The United States also sought documents underlying factual statements the Plaintiff made in its Refund Claim. Plaintiff objected to this request, asserting that the Refund Claim is "not the subject of this case."

As previously explained in our Motion to Compel (Dkt. 42, pp. 20-22), the factual information and claims Plaintiff made in its Refund Claim are very much at issue in this proceeding. Suits for tax refunds are governed by § 7422(a), requiring that a refund claim comply with "the regulations of the Secretary established in pursuance thereof." The relevant regulation requires that a claim for refund "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof...." Treas. Reg. § 301.6402–2(b)(1). "All *grounds upon which a taxpayer relies* must be stated in the original claim for refund." *Alabama By–Products Corp. v. Patterson,* 258 F.2d 892, 900 (5th Cir.1958) (emphasis added). The Fifth Circuit also notes that a taxpayer is *confined to the scope of the grounds for refund asserted in his claim filed with the Commissioner.*" *Alabama By-Prods. Corp.* 258 F.2d at 901 (emphasis added). In short, a taxpayer must apprise the IRS (and ultimately the Court) of the grounds for the refund claim, including the factual assertions. *Rodgers v. United States*, 843 F.3d 181, 196 (5th Cir. 2016). A refund suit is therefore limited to the facts and grounds asserted in his claim, thus making both relevant.

The United States recognizes the Court recently denied its motion to dismiss Counts Two and Three of Plaintiff's Complaint (Dkt. 44). While the Court held that the

"substantial variance" did not apply to Counts Two and Three, the United States is making a different argument here: the facts and claims that the Plaintiff *did* assert in its Refund Claim are relevant in this proceeding and are discoverable. Consistent with this longstanding rule in tax cases, the United States seeks discovery relating to Plaintiff's assertions in its Refund Claim.

For example, the United States seeks documents substantiating Plaintiff's *factual claim* that FGN filed charges after it "learned" of settlements with U.S. government agencies relating to events that occurred in Nigeria. This information is highly relevant in that it would explain the settlements the FGN "learned" of as to both the Plaintiff and KBR, and would provide information as to the charges that (i) Plaintiff and KBR faced in the United States, and (ii) formed the basis of FGN's indictments of Plaintiff and KBR.

The limitations imposed on the United States' discovery requests are improper and impede our ability to get documents crucial to the United States' defense. Plaintiff can neither dictate what is and is not relevant in this matter nor cut off access to evidence supporting the United States' defense.

Finally, Plaintiff has noted on several occasions that the United States "refused to engage" in discussions regarding fact stipulations. As explained to Plaintiff, the United States would be happy to engage in discussions on factual stipulations once discovery is completed. The United States has no ability to stipulate to facts that it has not been able to verify through information in its possession or through discovery of information not in its possession. The Plaintiff, however, wants fact stipulations *in lieu* of fact discovery.

And despite having the burden of proof in this matter,[1] the Plaintiff has not proposed *any* stipulations.

## II. Because the Requests are Relevant, the Plaintiff's Objections are Improper

Plaintiff relied on several standard boilerplate objections such as "vague", "ambiguous," "overly broad, unduly burdensome, and not proportional to the needs of the case" without providing evidence to support these objections. The only explanation provided by Plaintiff with respect to its objections was that in its view, the documents sought by the United States are irrelevant.

Allowing the Plaintiff to dictate what is and is not relevant and the relevant time frame, then allowing it to object on "relevance" grounds turns discovery on its head. The Plaintiff is in essence dictating what claims and defenses the United States can raise. That is counter to the widely recognized rule that "relevance" in discovery is to be interpreted "broadly."

It is clear that the "relevance" standard for discovery is broader than that required for admissibility. *See* Fed. R. Civ. P. 26(b)(1) (information within the scope of discovery need not be admissible at trial to be discoverable). Courts have traditionally interpreted

---

[1] Taxpayers must prove the amount of any refund they claim. A party who sues the United States for a refund of taxes is said to have a "double burden." The taxpayer must not only prove that the Internal Revenue Service incorrectly determined the taxpayer's tax liability, but it must also establish the correct amount of its tax liability in order to prove that an overpayment has occurred. *Exxon Mobil Corp. v. United States*, 253 F. Supp. 2d 915, 932 (N.D. Tex. 2003).

the scope of relevance broadly for purposes of discovery. *See generally Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("Relevancy for the purposes of Rule 26 is broadly construed"); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470-71 (N.D. Tex. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party . . . Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed" (citations omitted)).

A party may not refuse to produce a requested document or information simply because it is relevant to a claim or defense on which the producing party believes that it will prevail. *See Third Pentacle, LLC v. Interactive Life Forms*, *LLC*, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief—whether ultimately justified or not—provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure"); *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014) (Rule 26(b)(1) does not give any party "the unilateral ability to dictate the scope of discovery based on their own view of the Parties' respective theories of the case," because "[l]itgation in general and discovery in particular ... are not one sided"). At this stage, the United States is not just seeking information that may be admissible at trial – it is seeking information that (i) is relevant to its defense, (ii) supports Plaintiff's claims and defenses, and (iii) will help develop the case. *See Hickman*

7

*v. Taylor,* 329 U.S. 495, 506 (1947) (the "discovery provisions are to be applied as broadly and liberally as possible").

### A. The Federal rules and the courts unequivocally disapprove of a repeated litany of boilerplate objections

Plaintiff objects to every document request repeating the same boilerplate objections: relevance, overbroad, unduly burdensome, and not proportional to the needs of the case. Further, Plaintiff objects to the United States' discovery request(s) "to the extent [they seek] information protected from disclosure by the attorney-client privilege, the work-product protection, the federally authorized tax practitioner privilege, or *any other applicable privilege or protection.*" *See* Dkt. 39-4 and 39-10 (emphasis added). The italicized language is Plaintiff's attempt to sweep up all remaining unnamed objections. This objection, on the grounds of some unnamed protection or privilege, demonstrates the point.

Parties cannot make general or boilerplate objections to discovery requests. *See Heller v. City of Dallas,* 303 F.R.D. 466, 483 (N.D. Tex. 2014) ("prohibition against general [or blanket] objections to discovery requests has been long established" (citation omitted)). The Federal rules require "specificity" when a party objects to discovery. Rule 34 requires that a response to a request for production "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The party resisting discovery "must show specifically ... how each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Carlist,*

8

894 F.2d 1482, 1485 (5th Cir.1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982)). Thus, the party resisting discovery must show *how* the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill*, 227 F.R.D. at 477; *accord S.E.C. v. Brady*, 238 F.R.D. 429, 437–38 (N.D. Tex. 2006). Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate. *See McLeod*, *supra* at 1484–86; *Merrill*, *supra* at 477.

    A party may not "refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26(b)(1), advisory committee note (2015). This is because "[i]n the face of [general] objections, it is impossible to know whether information has been withheld and, if so, why." *Heller*, 303 F.R.D. at 483 (quoting *Weems v. Hodnett*, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)). Plaintiff's objections do not "state with specificity" the grounds for the objections. In short, a party served with written discovery must fully answer each document request to the full extent that it is not objectionable and affirmatively explain with specificity what portion of a request is objectionable and why, and affirmatively explain whether any responsive information or documents have been withheld.[2]

---

[2] Somewhat ironically, the Plaintiff complains that the "background information" which the United States provided to the Court in its Motion to Compel is unsupported by evidence. This background information is publicly available and widely known. Included in its objections to the United States' document requests, the Plaintiff states that "there is ample publicly available information relating to this matter." For example, in response to Request No. 12 seeking

As previously explained, "even if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses." *Martino v. Kiewit New Mexico Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015). *See also Simpson v. Hexion Specialty Chemicals,* No. 06-798, 2007 WL 9710857, at *6 (M.D. La. Sept. 19, 2007) ("[T]o the extent plaintiffs have ... 'publicly available' documents in their possession, custody or control and they are relying upon them in support of their claims in this litigation, they have an obligation to produce them to the defendants.");

### B. Plaintiff's refusal to indicate whether documents are being withheld on the grounds of privilege is improper

Plaintiff objects to various requests "***to the extent*** [the request] seeks information protected from disclosure by the attorney-client privilege, the work-product protection, the federally authorized tax practitioner privilege, or any other applicable privilege or protection." Plaintiff refuses to produce a privilege log in response to the request. *See, e.g.,* Dkt. 39-10, pp. 25-30.  In sum, Plaintiff does not want the United States or the Court to know even the most basic description of the documents it is withholding (allegedly on privilege grounds) because if those descriptions were known the relevance of the withheld information might become obvious and the privileges could be challenged.

---

information relating to assertions in Plaintiff's Refund Claim, the Plaintiff responds that the "background factual information that was summarized in the Refund Claim is publicly available."

10

When a party asserts a claim of privilege as to otherwise discoverable information, "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim. *United States v. El Paso Co.,* 682 F.2d 530, 541 (5th Cir.1982) (citing *United States v. Davis,* 636 F.2d 1028, 1044 n. 20 (5th Cir.1981)).

It is unclear whether Plaintiff, through its assertion of various privileges (attorney-client, work-product protection, federally authorized tax practitioner privilege, any other applicable privilege or protection), is withholding documents responsive to the request on privilege grounds. The United States requests that the Plaintiff definitively state whether they are withholding documents on the grounds of privilege, rather than hedging its response by saying "to the extent" a request seeks privilege information. Either the Plaintiff is withholding documents on the grounds of privilege or it is not. If the Plaintiff is withholding documents, they must be put on a privilege log.

### III. Based on the Various Disputes Still Under Consideration, and the Breadth of Discovery Remaining, the United States' Requested Ten Month Extension is Reasonable and Appropriate

The impending deadlines have compelled this Motion. The Plaintiff's expert report was due in July, the United States' expert report was due last month, discovery ended

September 26, 2025, dispositive motions are due at the end of October, and pretrial materials and docket call are early next year.

There are several outstanding issues: Plaintiff's Motion to Compel (Dkt. 36), and this Motion to Compel (Dkt. 42). And the parties have not yet taken (or even scheduled) depositions. Moreover, the United States intends to dispute Plaintiff's claims of privilege in its August 29, 2025, privilege log. The resolution of that dispute will inform both whether the United States will seek a Nigerian law expert as well as the person(s) to be deposed and the number of depositions to be taken.[3]

Finally, as noted above, Plaintiff has not yet served its expert report. Assuming it is an expert to speak on foreign (Nigerian) law, the United States may respond. This would require several steps in order for the United States to hire a foreign expert. Since the Rule 26(f) conference last year, staffing levels at DOJ have unexpectedly dropped, requiring longer discovery windows and longer expert approval times. The United States

---

[3] The Plaintiff repeatedly states that it "has invited the United States to discuss an appropriate non-waiver agreement to facilitate the production of certain privileged information." However, non-waiver agreements risk allowing the producing party to cherry pick and disclose only the documents favorable to its case without triggering a subject matter or at issue waiver of privilege for other documents that are unfavorable. Additionally, the United States told Plaintiff that it believes Plaintiff waived privilege as to numerous entries on the Plaintiff's privilege log via a subject-matter or at issue waiver. The United States said it will discuss a non-waiver agreement, but to date, the Plaintiff has not proposed any sort of agreement. The burden is on the party asserting the privilege to demonstrate how each document satisfies all the elements of the privilege. *See Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 473 (N.D. Tex. 2004), *citing Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir.1985); *S.E.C. v. Microtune, Inc.,* 258 F.R.D. 310, 315 (N.D. Tex. 2009).

believes extending all current deadlines by ten (10) months will give the Parties adequate time to prepare this case.

## CONCLUSION

The United States requests this Court enter an order compelling the Plaintiff to produce complete and thorough responses to its discovery. The Plaintiff's (i) self-created definitions of relevant documents and relevant time period, (ii) boilerplate objections, and (iii) refusal to provide a privilege log for withheld documents prevent the United States from adequately defending this case. Plaintiff should be compelled to, within 21 days of the Court's order, produce all documents responsive to the United States' First and Second Requests. In the alternative, the United States respectfully requests that Defendant be precluded from introducing any evidence in this case that would be responsive to these discovery requests. Finally, the United States requests a ten (10) month extension of all current deadlines to allow the Court to rule on pending motions and for the Parties to their complete preparation of this case.

/s/ *Jonathan L. Blacker*
JONATHAN L. BLACKER
Senior Litigation Counsel
Texas State Bar No. 00796215
jonathan.blacker2@usdoj.gov
(202) 598-7019
(214) 880-9765
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Attorney-in-Charge
Massachusetts Bar No. 672618

SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
(214) 880-9759
U.S. Department of Justice
Tax Division
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
(214) 880-9742 (Fax)

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

    I, Jonathan L. Blacker, certify that on September 30, 2025, I electronically filed this pleading using the ECF system, which will send notification to all counsel of record.

/s/ *Jonathan L. Blacker*
JONATHAN L. BLACKER