UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-2149 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## **ORDER**

Pending before the Court is Plaintiff's motion to compel discovery related to the regulatory history of the regulation codified during the 2010 Tax Year at 26 C.F.R. § 1.162-21(b)(1)(iii) ("the Potential Penalty Regulation"). In its complaint, Plaintiff alleges that Defendant relied on the Potential Penalty Regulation to improperly disallow $32.5 million of a $35 million tax deduction. (Dkt. 1 at p. 8). Plaintiff seeks more fulsome responses to its Requests for Production Nos. 1–3; Interrogatories Nos. 1–3; and Requests for Admission Nos. 11–16. (Dkt. 36 at p. 16). Plaintiff's motion (Dkt. 36) is **GRANTED**. Defendant is **ORDERED** to provide full responses to Plaintiff's discovery requests within 21 days of the entry of this order.

Federal Rule of Civil Procedure 37 empowers the Court to compel the production of documents and full responses to interrogatories upon motion. Fed. R. Civ. P. 37(a)(3)(B). "The party moving to compel discovery bears the initial burden of showing that the information or materials sought are relevant, or will lead to the discovery of admissible evidence." *Alaniz v. U.S. Renal Care, Inc.*, No. 1:17-CV-146, 2018 WL

8622313, at *1 (S.D. Tex. Aug. 20, 2018); *see also Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). The burden then shifts to the party opposing discovery to show why the discovery should not be permitted. *Alaniz*, 2018 WL 8622313 at *1. The party resisting discovery must show specifically how each discovery request is not relevant or is overly broad, burdensome, or oppressive. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also In re Concho Resources, Inc. Securities Litigation*, No. 4:21-CV-2473, 2025 WL 2899518, at *2 (S.D. Tex. Oct. 10, 2025).

Federal Rule of Civil Procedure 36 provides that a requesting party may move to determine the sufficiency of an answer or objection to a request for admission. Fed. R. Civ. P. 36(a)(6). If the Court finds an objection unjustified, then it must order that an answer be served. *Id.* If the Court finds that an answer does not comply with the requirements of Rule 36, then it may order either that the matter is admitted or that an amended answer be served. *Id.*

Plaintiff has shown that the discovery requests at issue are relevant to its claims. In Counts Two and Three of its complaint, Plaintiff challenges the Potential Penalty Regulation on the grounds that: (1) it was enacted in violation of the Administrative Procedure Act's notice-and-comment requirements and without a reasoned explanation from the Treasury Department; and (2) it "is inconsistent with 26 U.S.C. § 162[,]" the statute under which it was promulgated. (Dkt. 1 at pp. 9–10). Information regarding the Potential Penalty Regulation's regulatory history is relevant to those claims. Moreover, the Court agrees with Plaintiff that "information related to the IRS's analysis of the

applicability and validity of the Potential Penalty Regulation during the administrative refund process" will be relevant to the Court's analysis of the potential applicability of the substantial variance doctrine to this lawsuit. (Dkt. 38 at pp. 3–4). Respectfully, Defendant has not carried its consequent burden to show why the discovery sought by Plaintiff should not be permitted.  Accordingly, Plaintiff's motion to compel (Dkt. 36) is **GRANTED**.

SIGNED at Houston, Texas on March 27, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE